Charles J. Beckinella, J.
Before any evidence was adduóed in tins action the parties stipulated to waive a jury and have the court determine all the issues. Formal findings of fact and conclusions of law were waived.
At the beginning of the trial the plaintiffs moved to amend their complaint so as to set up causes of action for damages based on the culpable negligence of the defendant. Plaintiffs, in their supplementary memorandum of law, request permission to withdraw that motion. That permission is granted.
There are few facts in dispute in this controversy which arose as a consequence of an automobile accident in Ohio.
The plaintiffs, Mr. and Mrs. Naphtali, the defendant Mr. Lafazan and his wife, were in 1952 and now are residents of Brooklyn, New York. In the summer of 1952, Mr. and Mrs. Naphtali planned to take an automobile trip out West and they invited Mr. and Mrs. Lafazan to go with them. Mr. and Mrs. Lafazan accepted the invitation and the four of them travelled together in an automobile owned by Mr. Naphtali. The expenses of the trip which were due to the operation of the automobile were in the main, borne by Mr. Naphtali. On August 9, 1952 the couples were in Ohio and were proceeding along a highway there when the car overturned. The car was damaged and Mr. and Mrs. Naphtali were caused to suffer the injuries for which they seek to recover in this action. At the time of the accident, Mr. Lafazan, the defendant, was driving the car. Mr. Naphtali, the owner of the car, was seated beside the defendant on the front seat. The two women were in the back seat.
In this action Mrs. Naphtali sues for damages due to her injuries; Mr. Naphtali sues for loss of his wife’s services, damage to his automobile and for damages due to his injuries.
The law of Ohio governs (Smith v. Clute, 277 N. Y. 407, 410). At the time of the accident there was in effect in the State of Ohio the following statute (Ohio General Code, § 6308-6): “Liability of owners and operators of motor vehicles to guests.
*1059 — The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.”
With slight modifications, this statute now is section 4515.02 of the Ohio New Revised Code. The defendant has pleaded this statute, popularly known as the Ohio guest statute, as an affirmative defense and contends that he is entitled to judgment because the plaintiffs, when the accident happened, were within the purview of the statute and cannot recover from him because he was not guilty of “ wilful or wanton misconduct.”
Mr. Naphtali and Mr. Lafazan differ in their versions of how the accident happened. But both agree that Lafazan was driving, that it was raining on and off and that the automobile left its side of the highway, crossed to the other side, left the roadway and overturned. The court finds that while the defendant failed to use ordinary care and so was guilty of simple negligence, his conduct fell far short of the ‘ ‘ wilful or wanton misconduct ” contemplated by the Ohio guest statute. See Birmelin v. Gist (162 Ohio St. 98, 109-111), where there is set forth Ohio authorities spelling out the meaning of ‘ ‘ wilful or wanton misconduct ”. There is thus presented for determination by this court the question of whether Mr. and Mrs. Naphtali were within the scope of the Ohio guest statute at the time the accident happened or in the words of the statute, whether each was “ a guest ” “ being transported without payment therefor.” Counsel for both sides agree that there is no reported case either in Ohio or in any other jurisdiction that is squarely in point, and this court has been able to discover none.
In the first cause of action Mrs. Naphtali seeks to recover for the injuries which she sustained in the accident. The defendant contends that Mrs. Naphtali as a person whose rights are limited by the Ohio guest statute may not recover in the absence of ‘ ‘ wilful or wanton misconduct ’ ’ on the part of the defendant Lafazan.
At the time of the accident the defendant Lafazan was at the wheel of Mr. Naphtali’s car and Mr. Naphtali was beside him on the front seat. In such circumstances there existed a rebut-table presumption that the driver Lafazan was the agent of the owner Naphtali (Ross v. Burgan, 163 Ohio St. 211, 218-219). In that case the Supreme Court of Ohio stated:
*1060 “We believe the better and sounder rule is that, where an owner is present in his automobile, there is a rebuttable presumption that he has control and direction over it. The situation is quite different from one in which the owner is absent, in which instance no such presumption is ordinarily indulged. One being conveyed in his own vehicle and in furtherance of his own interests ought to be presumed to control his own property in his own transportation. If, in such circumstances, the presumption of agency obtains it casts on the proper persons — those Avho really know — the burden of producing evidence to negative the relaionship [citing authorities].
“ Of course, the test as to whether a person is the agent of another is the right of control of the one over the other.”
There is nothing in this case to rebut such presumption.
Lafazan, while at the wheel of Naphtali’s car, was clothed with all the immunities that Naphtali possessed. “An agent Avho is acting in pursuance of his authority has such immunities of the principal as are not personal to the principal ” (Restatement, Agency, § 347; see, also, Employers’ Fire Ins. Co. v. United Parcel Service, 89 Ohio App. 447). In that case the court cited with approval the above section of the Restatement of the Law of Agency. The facts in the case were that the defendant United Parcel had been engaged by a storage company to deliver a fur coat to its owner. While in transit the coat Avas damaged. The court held that the liability of the agent United Parcel was no greater than the liability of the storage company and that its liability was limited to $100, since by contract Avith the owner of the coat, the storage company’s liability was limited to $100. In 89 Ohio App. 447, 456, the court stated:
“ (4) The question naturally arises as to the extent of the defendant’s liability. It was the representative of Jenny, Inc., engaged in performing its contract, when the delict occurred. Jenny, Inc.’s liability was limited to $100. Is defendant’s liability similarly limited? We are of the opinion that it is so limited.
“ In 2 Restatement of the Law of Agency, 759, Section 347, it is said:
“ ‘ An agent who is acting in pursuance of his authority has such immunities of the principal as are not personal to the principal. ’
“ Had the principal acted in person in carrying this coat and had been sued for the damage done, no matter Avhat the form of action, its liability would have been limited to $100. When it engaged the defendant to get the coat for it, it clothed *1061 defendant with all the authority and rights which it, the principal, had against the owner, including the right to have liability limited to $100. It was a defense pro tanto, available equally to Jenny, Inc., and any and all in possession of the coat under its authority.”
In Herzog v. Mittleman (155 Ore. 624) the Oregon court applied this principle in deciding a case which arose under the Oregon guest statute. In that case, four friends took an automobile trip in an automobile owned by one of them. While the car was being operated by one of the party other than the owner of the car, there was an accident and the plaintiff, who was riding in the back seat, was injured. He sued the driver, who contended that he was within the purview of the Oregon guest statute which required proof of gross negligence on the part of the operator of a motor vehicle before his guest could recover from him for injuries suffered in an accident. The court held that the driver was entitled to all the immunities of the owner of the ear and that within the purview of the guest statute, “A guest may become the agent of his host subject to the responsibilities and entitled to the same immunities as his principal.” (P. 630.) The court further stated: ‘‘ [Plaintiff] admits that had [the owner] been driving the car at the time of the accident, a showing of gross negligence on his part would have been necessary in order for the [plaintiff] to recover. Under our view of the ease [the driver], being the agent of [the owner], was entitled to the immunity of [the owner] — that is, the measure of the liability assumed in case of a gratuitous undertaking.” (P. 633.)
Mr. Naphtali, as the owner of the car which was involved in the accident, was entitled to claim the benefit of the guest statute in any action brought against him. If Mr. Naphtali had been sued by his wife for the injuries which she sustained in the accident, he would have had the right to invoke the provisions of the guest statute. Although it was formerly considered to be the law of Ohio that a wife could not maintain an action in tort against her husband (Leonardi v. Leonardi, 21 Ohio App. 110) the Supreme Court of Ohio determined in 1952 that the Ohio Constitution and pertinent statutes had the effect of “so modifying the common-law rule as to authorize the maintenance of an action ” by a wife against her husband (Damm v. Lodge, 158 Ohio St. 107, 121).
If a wife may sue her husband in Ohio, nothing in the law of that State which has come to this court’s attention inhibits a husband from invoking against his wife any defense that he might invoke against a stranger. On the contrary, the entire *1062 tenor of the court’s opinion in Damm v. Lodge is to the effect that every vestige of the common-law doctrine of the legal identity of husband and wife has been superseded in Ohio (158 Ohio St. 107, 116).
The plaintiffs contend that it is incongruous to denominate a car owner’s wife a “guest” when she is riding in her husband’s automobile. This, say the plaintiffs, is contrary to the traditional view of the marriage relation. However, this contention is merely a variation of the common-law doctrine of the identity of husband and wife which the Supreme Court of Ohio expressly rejected in Damm v. Lodge, and if adopted by this court would be nothing less than a refusal to follow the implications of Damm v. Lodge. Plaintiffs in effect argue that husband and wife are one and therefore one of them cannot be the guest of the other. Damm v. Lodge and the sections of the Ohio Code therein cited make it evident that in Ohio, husband and wife are not one.
Not only may a wife be a “ guest ” of a husband when riding in his ear, but in such circumstances there arises a presumption which precludes the wife from claiming the status of a person who has paid for her transportation (with the result that she would be without the scope of the Ohio guest statute) unless there is proof of an express arrangement or proof of circumstances which indicate that the parties intended and understood otherwise. It is stated in 6 Ohio Jur. 2d, Automobiles (§ 222) — Effect of Family Relationship — “ Where a person riding in an automobile at the invitation of the driver stands in the family relationship to the driver, the evidential effect of such relationship raises a presumption that the person riding with the driver is a guest and does not have the status of a mere passenger. However, there may exist circumstances indicating that a passenger status was intended and understood by both the driver and the rider.”
Hasbrook v. Wingate (152 Ohio St. 50, 59-60) was an action by a mother-in-law against her son-in-law for injuries received by her while riding in his car. In appraising the significance of a family bond between the driver and a passenger in an automobile, the Supreme Court of Ohio stated:
“ In the instant case, the family relationship of the parties — mother-in-law and son-in-law — residing together in the same home, constitutes an important factor. Ordinarily, where services are rendered by one person for another, which are knowingly and voluntarily accepted by the latter, even though there is no express agreement, the law presumes that such services *1063 were given and received with the expectation of payment therefor and implies a promise to pay what the services are reasonably worth; but the scope of this rule is subject to a modification where a kinship by blood or marriage exists between the party who renders and the party who accepts the services. By the weight of authority, the evidential effect of the fact of such relationship by blood or marriage, either alone or in combination with a membership in the same household, is not merely to rebut the ordinary presumption of an agreement to pay for services rendered, but to raise an affirmative presumption which precludes the party who has rendered the services from recovering unless he can produce evidence of a specific agreement for compensation or show circumstances from which an inference will arise that a promise to pay was made. Or, stated differently, ‘ a member of a family rendering services to another member of the same household can recover therefor only upon proof of express contract or circumstances from which a reasonable inference will arise that a promise to pay was in fact made.’ [Citing authorities.]
‘‘ By parity of reasoning, although the mere fact that a party riding in an automobile at the invitation of the driver stands in a family relation to the driver does not necessarily preclude him from being a ‘ passenger,’ yet the evidential effect of the fact of such relationship raises a presumption, which precludes the rider from claiming the status of a ‘ passenger ’ unless there is proof of an express arrangement for a passenger status or proof of circumstances which disclose that a ‘ passenger ’ status was intended and understood by both parties [citing authorities].”
For clarity’s sake it is observed here that when the Ohio court in the above excerpt used the word “ passenger ” it was adopting the designation of the Restatement of Torts (vol. 2, p. 1273, § 490) of “‘passenger’ as one carried for hire or reward, as distinguished from ‘ guest ’ as one carried gratuitously, that is, without any financial return except such slight benefit as is customary as part of the ordinary courtesy of the road ” (152 Ohio St. 50, 53).
There is nothing in the instant case which even suggests that there was an arrangement whereby it was intended and understood that Mrs. Naphtali was not being “transported without payment therefor.” See Hasbrook v. Wingate (152 Ohio St. 50, 64, supra) where the court stated: “ Finally, when the family relationship between the plaintiff and defendant is taken into consideration, giving rise to a presumption *1064 that there was no payment for transportation intended in the absence of a specific agreement for compensation, or circumstances from which a reasonable inference will arise that a promise to pay was in fact made, coupled with the lack of any proof of payment for transportation as such, in our opinion, the plaintiff has utterly failed to carry the burden required of her to make out a ‘ passenger ’ status, and the trial court should have directed a verdict for the defendant ” (citing cases).
Accordingly Mrs. Naphtali was a “ guest ” of her husband, the owner of the automobile, ‘ ‘ being transported without payment therefor.” Since the operator of the automobile was an agent of the husband, the operator is entitled to take advantage of any defense not personal to the defendant. One such defense is that Mrs. Naphtali must prove “wilful or wanton misconduct ” in order to recover for her injuries. Mrs. Naphtali having failed to prove such willful or wanton misconduct, her cause of action is dismissed.
One last reference will be made to the first cause of action. The court also holds that Mr. Lafazan’s right to invoke the provisions of the guest statute is not merely derivative. Under the clear language of the guest statute, as the operator of the automobile he is not liable to any guest who is being transported without payment therefor unless he was guilty of willful or wanton misconduct. As noted above, Mrs. Naphtali was such a guest in the automobile, albeit her husband’s guest, and Mr. Lafazan’s liability to her was that delineated by the guest statute.
The second cause of action is by Mr. Naphtali for the loss of his wife’s services and for the expense he was put to because of her injuries.
“ The right of a husband to recover must be tested by the right of the wife to recover the damages accruing to her personally for the injuries which caused the loss of consortium and the consequent expenses to the husband.” (Balestrero v. Prudential Ins. Co., 283 App. Div. 794, affd. 307 N. Y. 709.)
Accordingly the second cause of action is dismissed.
In the third cause of action Mr. Naphtali seeks to recover for his own injuries. Whether he may depends on his status in the automobile at the time of the accident.
The defendant contends that the guest statute applies, that Mr. Naphtali was a “ guest ” being transported without payment therefor,” that the defendant was not guilty of willful or wanton misconduct and therefore cannot be held liable for Mr. Naphtali’s injuries.
*1065 Defendant’s position necessarily carries within it the assumption that the guest statute applies to the circumstance of an owner of a motor vehicle suing on account of injuries suffered by him while riding in his own vehicle when it is being operated by someone else.
After a consideration of the language of the guest statute, a review of the decisions of the Ohio courts interpreting that statute and an evaluation of the reasons why that statute was enacted, this court has come to the conclusion that the eventuality of an owner of a motor vehicle being injured while riding in but not operating his vehicle was not within the contemplation of the Ohio Legislature when it enacted the guest statute. Accordingly the defendant is liable to Mr. Naphtali for the injuries which he suffered as a result of the defendant’s negligence (Vest v. Kramer, 158 Ohio St. 78, 84). See, also, 6 Ohio Jur. 2d, Automobiles (§ 220) where it is stated: “ It has been said that this so-called ‘ guest statute ’ did not create a liability theretofore nonexistent, but left in force a pre-existent liability and simply extinguished the pre-existent common-law liability for ordinary negligence.” Since this court holds that the “ preexistent common law liability for ordinary negligence ” was not extinguished by the operation of the guest statute in the case of the third cause of action the defendant is liable to Mr. Naphtali.
The details of the factors that led the court to the conclusion that the third cause of action is not within the purview of the guest statute must be appraised in the light of the unequivocal statement of the Supreme Court of Ohio that “ The Guest Statute is in derogation of the common law and, therefore, must be strictly construed ” (Dorn v. North Olmstead, 133 Ohio St. 375, 381). In a later decision the same court reiterated this view when it referred to the guest statute in the following language: ‘‘ The statute must be construed to effectuate its purpose, but, being in derogation of the common law and the rights of those who may be injured by the negligent operation of an automobile while being transported therein, its general provisions must be strictly construed, while the exception under consideration in this case must be liberally construed in favor of those who come within the purview of such exception.” (Miller v. Fairley, 141 Ohio St. 327, 335.) (See, also, 6 Ohio Jur. 2d, Automobiles, § 220.)
(A) The language of the guest statute.
The exact language of the guest statute is set out verbatim above. To a “guest” “being transported without payment *1066 therefor ” the owner or operator of a motor vehicle is not liable for injuries unless they are due to ‘ ‘ wilful or wanton misconduct.” Considered in reference to the circumstance of someone other than the owner of a motor vehicle being injured while riding in the vehicle, the statute is clearly applicable and the cases which have arisen under the statute have been concerned for the most part with the meanings of the terms used in the statute.
If we turn from the circumstance of a person being injured while riding in another’s vehicle and analyze the guest statute in order to determine if the Ohio Legislature meant it to apply to the eventuality raised by the third cause of action, it must be said that if such was the intent of the Legislature it chose a most awkward manner of expressing that intention. The language of the statute certainly does not readily lend itself to that interpretation. The mere use of the word “guest,” which carries with it the connotation of an invitation to share something belonging to someone else rather than the use of a word such as “ rider ” would indicate an intention to apply the statute to the case of a person riding in a car belonging to someone else.
The resultant ambiguity which arises from the use of the word “ guest ” not only indicates that the facts set forth in the third cause of action were not within the contemplation of the Legislature when it enacted the guest statute, but such ambiguity is also a bar to this court’s extending the statute to include those facts. ‘ ‘ ‘ Buies of the common law are to be no further abrogated than the clear import of the language used in the statute absolutely requires ’ [citing authority] ”. (Matter of Ryan, 291 N. Y. 376, 400.) The same conclusion is reached after a consideration of the phrase ‘‘ transported without payment therefor.” In view of the fact that every car owner must necessarily shoulder the major expense of any trip made in his car, this language was bound to engender confusion if meant to be applied to suits by owners. The inevitable confusion would have been so obvious to the Legislature and it would have been so simple by the addition of another short sentence to end that confusion, that the conclusion is inescapable that the circumstances encompassed by the third cause of action were not intended to be within the purview of the guest statute. In short, the language of the statute simply is not referable to the case of the owner of a motor vehicle suing for injuries received while riding in but not driving his own car.
*1067 (B) Ohio decisions interpreting the guest statute
There are many Ohio decisions which analyze the guest statute but none determines the issue raised by the third cause of action, or even refers to it except indirectly as developed below.
The decisions interpreting the language of the guest statute are of no significance in determining the third cause of action for those decisions were all concerned with occurrences within the purview of the statute. In the solution of the instant issue the meanings of the terms used in the statute are never reached for the reason that the statute does not apply to an action brought by the owner of a motor vehicle against the individual operating the vehicle at the time when the owner is injured while riding in the auto.
The fact that no case dealing with the issue raised by the third cause of action has been before the courts of Ohio for decision suggests that the problem is of infrequent occurrence and adds weight to the conclusion reached above by this court that the problem was not within the contemplation of the Ohio Legislature when it enacted the guest statute. Matters of infrequent occurrence are generally not of legislative concern.
There is some language in a recent decision of the Supreme Court of Ohio which suggests that the statute is not meant to apply to the case of an owner riding in his own car. This court is aware of the error that can be committed by placing too much emphasis on words or phrases which are used in decisions determining issues not exactly the same as the matter under consideration. Yet it is of some significance to note, in view of the utter lack of Ohio authority on the issue raised by the third cause of action, that in the second most recent decision in the Supreme Court of Ohio (Birmelin v. Gist, 162 Ohio St. 98, 105), after referring to a case interpreting the Ohio guest statute the court stated: “ That case established the principle that the burden of proof is upon the one seeking to recover for injuries or death suffered by a person while riding in another’s automobile to establish that such person was a paying passenger rather than a guest”. (Emphasis added.) The use of the word “ another’s ” rather than the use of the word “an,” a word which comes to mind more readily and which would include all automobiles rather than only those not belonging to the injured person suggests that its use was not inadvertent and therefore not without significance.
*1068 (C) The reasons for the enactment of the guest statute
It appears that there were two considerations that motivated the Ohio Legislature when it enacted the guest statute. One is the homely fact that there is something about a guest suing his host for the host’s simple unintentional carelessness that offends the ordinary person’s sense of gratitude; or to put it another way, there is something about such a lawsuit that smacks of the ‘ ‘ proverbial ingratitude of the dog that bites the hand that feeds him ” (Crawford v. Foster, 110 Cal. App. 81). The other reason is more mundane: “ Because of the fact that most automobile owners carry liability insurance upon their vehicles, many drivers have collaborated with guests to enable the latter to recover damages from the insurance companies. On many occasions the opposing litigants have been members of the same family, or bosom friends, and the defendants in such cases have had little if any desire to defeat the plaintiff’s action. Such collusive law suits and family litigations are highly undesirable from a social standpoint. It should also be noted that the activities of insurance companies have been largely responsible for the passage of this legislation.” (Guest Statutes, 11 Univ. of Cincinnati L. Rev. 24, 35.) See, also, Birmelin v. Gist (162 Ohio St. 98, 108, supra) where the court recognizes both these factors as being the purpose of the Ohio guest statute.
While there is a resemblance between the circumstance of an owner of a motor vehicle suing the operator of the owner’s vehicle, it is not the same as the owner being sued by a person who has accepted the owner’s offer of a ride.
The Legislature was concerned with lawsuits arising out of the latter circumstance when it enacted the guest statute. Nothing that has come to this court’s attention indicates it was concerned with the former. In the face of the rule of strict construction of statutes in derogation of the common law, this court may not make the assumption that the Legislature meant to legislate concerning a suit by an owner against an operator of the owner’s motor vehicle in the absence of some evidence it did.
As to the guest statute’s other purpose, it seems fair to say that since the occasions when an owner sues an operator of the owner’s vehicle are few and the times when the owner and operator collude against insurance companies fewer, this eventuality could hardly have motivated the Legislature to enact the guest statute. In short it is not an evil of such frequent incidence to call for remedial legislation.
*1069 Accordingly the court finds for the plaintiff Mr. Naphtali on the third cause of action in the sum of $1,500.
The fourth cause of action is for the damages caused by reason of Mr. Naphtali’s automobile being damaged. There is nothing in the Ohio guest statute making it applicable to causes of action for property damage. Accordingly the court finds for Mr. Naphtali in the sum of $722.95 on the fourth cause of action since the damage to the automobile was occasioned by Mr. Lafazan’s negligence.
Judgment may be entered accordingly. Settle judgment on notice.