[Civ. No. 5454.   Fourth Dist.   July 23, 1957.]

WALDEMAR T. AHLGREN, Appellant, v. GEORGE AHLGREN, Respondent.

Augustine, Bryans & Ragen for Appellant.

McInnis, Hamilton & Fitzgerald and John W. McInnis for Respondent.

GRIFFIN, J.—Plaintiff and appellant, owner and occupant of a Chrysler car, brought this action for damages against his brother, defendant and respondent George Ahlgren, its driver.

The complaint, after alleging these facts, averred that George negligently operated plaintiff's car so as to strike a car driven by one Guillermo Agundez, resulting in serious and permanent injuries to plaintiff. Defendant answered, admitted certain allegations, denied others, and alleged that defendant was operating plaintiff's car at the time, as plaintiff's agent, servant and employee, under his immediate direction and control, and at his special instance and request; that he was driving plaintiff's car as a social favor and gratuity by reason of plaintiff having partaken of intoxicating liquor. At the trial it was stipulated that:

"George Ahlgren as driver and operator of the automobile was in the exclusive control and possession of it and was the operator and driver and that he was negligent in the operation and driving of the automobile and that his negligence was a proximate cause of the plaintiff's injuries, who was at the time and place riding in the automobile."

It further appears that Agundez obtained a judgment against both brothers in another independent action as a result of the collision. The remaining facts are in little dispute. Plaintiff and his family were living with defendant and his family. On the evening of March 27th, 1953, there was a party given at the company office. Plaintiff and defendant attended and during the evening George suggested to Waldemar that they go home and Waldemar said: "Would you drive?" or "Can you drive?" and George said: "Yes, I will." Waldemar had some drinks but George did not. They started home, with George driving. Waldemar fell asleep in the front seat and soon thereafter the accident happened. The court found, in accordance with these facts, that defendant was negligent and his negligence was a proximate cause of plaintiff's injuries; that the trip was one of free social accommodation and that plaintiff gave no consideration to the defendant for the ride; that defendant received nothing of value for operating the car; that other allegations of plaintiff's complaint were untrue; and concluded that, at the time indicated, plaintiff was "riding *as a guest*" in the automobile operated by defendant. (Italics ours.) Sitting without a jury, the court rendered judgment for defendant.

■ It is true, as commented in the trial court's opinion filed herewith, that under *Benton* v. *Sloss*, 38 Cal.2d 399 [240

P.2d 575], it was intended that section 403 of the Vehicle Code limits actions by a guest only as to the "driver" of a vehicle, and that section, under certain conditions, does not apply to the owner where he is not driving. (See also *Winn* v. *Ferguson,* 132 Cal.App.2d 539, 545 [282 P.2d 515].) The decision in the instant case was rendered prior to the decision in *Ray* v. *Hanisch,* 147 Cal.App.2d 742 [306 P.2d 30]. The Ray case appears to be controlling in reference to the question here presented. There the defendant was driving an automobile owned by plaintiff, in which plaintiff was riding. The owner brought the action against the driver for her alleged injuries. It was there held that section 403 of the Vehicle Code is limited to guests; and that under ordinary circumstances an owner is not a guest. It adopts the holding in *Gledhill* v. *Connecticut Co.,* 121 Conn. 102 [183 A. 379] and *Anderson* v. *Burkardt,* 275 N.Y. 281 [9 N.E.2d 929], to the effect that the so-called "guest rule" does not apply to the owner who is being driven in his own car; that he is no guest, and said if the owner of an automobile is riding therein and a friend is driving, to hold the owner is a guest of the friend simply because the friend is driving, would be to import into the statute a meaning not expressed by the Legislature; that as used in the statute the term "guest" imports that the person riding in an automobile is the recipient of the hospitality of the owner or driver; that there is an inference, in the absence of evidence to the contrary, that an owner present in his car has power to control it, and in the absence of such contrary evidence an owner allowing a friend to drive his car has the right to govern the manner of its operation as well as at any time to terminate the permission given and to operate the car himself; that the mere fact that plaintiff was riding in his own car while it was being driven by defendant, his friend, does not classify him as a guest within the meaning of section 403 of the Vehicle Code.

There is no indication in plaintiff's complaint that he was relying upon section 403 of the Vehicle Code for a recovery. He merely alleges the general negligence of defendant in the operation of the automobile as being the proximate cause of his injuries. Defendant does not claim section 403 of the Vehicle Code as a defense.

It is apparent from the evidence, the findings and conclusion reached that the trial court relieved defendant of liability because it believed plaintiff, while riding in his own car, was a guest within the meaning of section 403 of the Vehicle

Code. On this theory, the judgment in favor of defendant cannot be supported.

Judgment reversed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied August 7, 1957, and respondent's petition for a hearing by the Supreme Court was denied September 18, 1957. Schauer, J., and Spence, J., were of the opinion that the petition should be granted.