342 P.2d 998]

## Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 9825.   Aug. 17, 1959.]

JACK COLLIE, Respondent, v. WILLIAM J. AUST et al.,
Appellants.

Thomas M. Lynam for Appellants.

James F. Ball for Respondent.

SWAIN, J.—Five men, including plaintiff Collie and defendants Aust and Doiron, had planned a hunting trip. Doiron was not able to go on the trip, but he loaned plaintiff his jeep and plaintiff left his automobile with Doiron for Doiron's use. While driving to the camp site, Collie allowed· Aust to drive the· jeep. Aust negligently operated the jeep and Collie was injured. Collie sued both the driver, Aust, and the owner, Doiron, and received judgment against both. Defendants appeal from the judgment.

The plaintiff claims and the court found that plaintiff was a passenger. ▪ The evidence that Doiron loaned his automobile to the plaintiff and that the plaintiff left his automobile· with Doiron for his use proves that plaintiff was the bailee· of the jeep. (*Baugh* v. *Rogers* (1944), 24 Cal.2d 200 [148 P.2d 633, 152 A.L.R. 1043].) ▪ Neither was the plaintiff the guest of Aust. He did not accept a ride from Aust. His situation is similar to that of an owner who has been held not to be the guest of the driver while riding in his own car. (*Ahlgren* v. *Ahlgren* (1957), 152 Cal.App.2d 723, 725 [313 P.2d 88].)

▪ The plaintiff is not barred from recovering against the driver, Aust, by reasons the fact that as bailee he had the right to control the driver. The plaintiff was not guilty of any actual negligence himself and· the negligence of Aust is not imputed to him in this action. (*Ledgerwood* v. *Ledger-*

*wood* (1931), 114 Cal.App. 538 [300 P. 144] ; *Roberts* v. *Craig* (1954), 124 Cal.App.2d 202 [268 P.2d 500, 43 A.L.R.2d 1146].)

We turn to the question of the liability of the defendant owner, Doiron. The judgment against him is based on permissive use, Vehicle Code, section 402, subsection (a) of which provides: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages." The answer to our problem is found in subsection (d) which provides: "In the event a recovery is had under the provisions of this section against an owner on account of imputed negligence, such owner is subrogated to all the rights of the person injured or whose property has been injured and may recover from such operator the total amount of any judgment and costs recovered against such owner. If the bailee of an owner with the permission, express or implied, of the owner permits another to operate the motor vehicle of the owner, then such bailee and such driver shall both be deemed operators of the vehicle of the owner within the meaning of subdivisions (c) and (d) of this section." In other words, if the plaintiff bailee recovers against the defendant owner, the latter in turn is entitled to recover that amount from the bailee. The law does not permit this circuity of actions. It is a maxim of jurisprudence that "The law neither does nor requires idle acts." (Civ. Code, § 3532.) We therefore, hold that the plaintiff's action against the defendant Doiron is barred by Vehicle Code, section 402, subsection (d).

The judgment is affirmed as to appellant Aust and reversed as to appellant Doiron. Costs are awarded to respondent against Aust and to appellant Doiron against respondent.

Bishop, P. J., and David, J., concurred.