40992. BRADFORD v. PARRISH.

DECIDED FEBRUARY 9, 1965.

*Walter B. Fincher, L. Paul Cobb, Jr.,* for plaintiff in error.
*Woodruff, Savell, Lane & Williams, Edward L. Savell,* contra.

BELL, Presiding Judge. ■ In the motion for new trial error is urged on the refusal of the trial court to allow counsel for the plaintiff to contend in his closing argument to the jury that the failure of the defendant to have the plaintiff examined under the provisions of *Code Ann.* § 38-2110 (a) amounted to an admission that plaintiff was injured as alleged in the petition.

The ground has no merit for at least two cogent reasons.

■ The contention is based on the erroneous assumption that under *Code Ann.* § 38-2110 (a) the defendant *as a matter of right* could have secured an order of the trial court requiring the plaintiff to undergo a physical examination by a medical practitioner. This assumption is totally without foundation in the light of the explicit language of the statute. By its clear terms the granting of an order for physical examination is permissive, not mandatory, and may be entered only for "good cause shown." What is sufficient to fulfill that criterion rests in the

broad discretion of the trial judge. Coca-Cola Bottling Co. of Puerto Rico, Inc. v. Negron Torres, (2d Cir.) 255 F2d 149, 153 (4); Bucher v. Krause, (7th Cir.) 200 F2d 576, 584 (8); The Italia (Gitto v. Societa Anonima Di Navigazione, Genova), (E.D.N.Y.) 27 FSupp. 785, 786 (1, 2). Although trial courts undoubtedly will liberally exercise their discretion in this area in order to secure just results, the mere presence of this discretionary power in the court precludes the assumption that one party to an action has an absolute *right* under this discovery provision to secure an order requiring the opposite party to undergo a physical examination.

The use of the discovery procedure authorized by *Code Ann.* § 38-2110 (a) is discretionary with counsel. Its utilization is in no sense mandatory. Counsel's failure to invoke the possibilities of discovery the provision portends does not subject his cause to any unfavorable inferences. Hoffman v. Illinois Terminal R. Co., (Mo. App.) 274 SW2d 591, 595 (7, 8).

The statutory presumption arising from failure to produce evidence, *Code* § 38-119, is not applicable here for numerous reasons, the most simple of which is that there can be no additional medical evidence available under this discovery provision until after an examination is had under court order. None has taken place. However, even if a court ordered examination had taken place, the results of that examination were available equally to all parties. The party examined is entitled to a copy of the medical report. *Code Ann.* § 38-2110 (b); Shupe v. Penn. R. Co., 19 F.R.D. 144, 145 (5); Lindsay v. Prince, (N.D. Ohio), 8 F.R.D. 233, 235 (4). Further, it has been said with truth that the examining physician appointed by the court under this provision is, for that responsibility, an officer of the court. The Italia, 27 FSupp. 785, 786 (3), supra. Occupying that status, the examining physician is equally available as a witness to both parties. No presumption could arise against either party for failure to produce him as a witness. *Bynes v. Stafford,* 106 Ga. App. 406, 409 (4) (127 SE2d 159).

This court will not engage in what would amount to sheer effrontery to counsel by dictating to them procedures relating solely to representation of their clients. There may be many

reasons why counsel should, or should not, seek the seemingly feasible possibilities of this provision of the discovery procedure. It is not this court's business to interfere with the sole prerogatives of counsel by imposing inferences against their inaction on the purely discretionary matters within the purview of this provision of the law.

The trial court properly restricted plaintiff's counsel from arguing to the jury that defendant's failure to ask for a physical examination of plaintiff under *Code Ann.* § 38-2110 (a) either amounted to an admission that the plaintiff was injured as seriously as contended or created an inference to that effect.

■ The remaining special ground of the motion for new trial complains of the fact that the court did not allow plaintiff's counsel to argue to the jury matters relating to the negligence of the defendant. Counsel for the defendant had previously admitted liability. The only issue then remaining for the jury to determine was the nature and extent of the plaintiff's injuries and the monetary damages to be awarded plaintiff for those injuries.

"Every court has power . . . 4. To control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." *Code* § 24-104. "If the legal rights of the parties are not prejudiced or denied, this court will not interfere with the discretion of the trial court in matters of practice in the hearing and disposition of causes before it unless this discretion has been exercised in an illegal, unjust, or arbitrary manner." *Shaw v. Miller,* 215 Ga. 413, 414 (c) (110 SE2d 759); *Atlanta Newspapers, Inc. v. Grimes,* 216 Ga. 74, 79 (5) (114 SE2d 421); *Crudup v. State,* 106 Ga. App. 833, 840 (129 SE2d 183).

The trial court did not err in requiring plaintiff's counsel to eliminate from his argument matters which were surplus and unnecessary for the jury to consider and by that means furthering justice and expediting the trial.

The verdict was authorized by the evidence.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*