42251. EDWARDS et al. v. McKENZIE, by Next Friend.

ARGUED SEPTEMBER 13, 1966—DECIDED SEPTEMBER 29, 1966.

*McCamy, Minor, Vining & Phillips, Carlton McCamy,* for appellants.

*Pittman & Kinney, L. Hugh Kemp, Jr., Cullens & Lancaster, J. R. Cullens, David N. Vaughan,* for appellee.

DEEN, Judge. ■ The law is now well settled in this State that where two people enter into an agreement to make a trip for their joint pleasure or benefit, where they share the expenses and take turns in driving the vehicle, the standard of care owed by the driver to the occupant, whether the occupant be the owner of the vehicle or whether he was in the first instance the person

invited to accompany the owner or person in charge of the car, is ordinary care. *Fountain v. Tidwell,* 92 Ga. App. 199 (88 SE2d 486); *Morris v. Cochran,* 98 Ga. App. 786 (106 SE2d 836). Frank Edwards, who had agreed to and did share the expenses of the trip with Jerre McKenzie, the plaintiff, and who had taken over the driving when McKenzie indicated his intention of relinquishing the wheel in order to rest, would be liable to the latter for ordinary negligence, and the only question presented by the motion for judgment notwithstanding the verdict is whether the evidence demands a finding that he was not negligent in any particular. "Where a motion for judgment non obstante veredicto is denied, an appellate court must affirm the trial court if there is any issue to be submitted to the jury and any evidence to sustain the verdict." *Massachusetts Bonding &c. Co. v. Bins &c. Co.,* 100 Ga. App. 847 (112 SE2d 626). Some of the acts of negligence charged against the driver of the automobile in which the plaintiff was riding were that he was guilty of negligence per se in exceeding the speed limit and that he was negligent "in increasing his speed when the defendant, Jerry Cleveland Edwards, pulled his 1957 Ford out to pass, so as to prevent the said 1957 Ford from re-entering the north-bound lane of traffic in time to prevent colliding with the 1959 Chevrolet being driven by the defendant Roger Duane Parrott, and the resulting collision and damages." The defendant himself testified that when he was driving it was after sundown and his lights were on, and that he was driving around 50 or 55 miles per hour. The speed limit being 50 miles per hour, this created an issue as to whether this defendant was exceeding it and whether, if so, this act might enter into the proximate cause of the wreck. Where the plaintiff's own testimony is vague or equivocal, it must be construed against him. *Steele v. Central of Ga. R. Co.,* 123 Ga. 237 (51 SE 438). Assuming, then, that the jury would have been authorized to find his speed a violation of law, could this have been a part of the proximate cause when the driver of the passing car struck Parrott's Chevrolet and hurled it directly into his path? On this question Jerry Edwards testified: "I couldn't get back in on my lane. The Pontiac had me blocked there. I was going north and this is the other car and this is the Pontiac,

and I pulled out to pass like this and this one [Frank Edwards], he come on up so as I couldn't get back in my lane after I got out of my lane." Q. "Well, did he close up this gap between here?" A. "He closed it so I couldn't get in. . ." Q. "Was there anything there to keep him from seeing what was happening in front of y'all? A. "Well, there wasn't nothing blocking the road or nothing in the road and on each shoulder." Q. "If he had not pulled up, could you have pulled back to avoided this?" A. "Yes, sir. I believe I could, because I just had got out in the passing lane good, I'd say maybe along there. I just had got out when I seen the car and then when I saw I couldn't get back over here, I had time to get nearly off the road." Q. "As you started to pass the Knowles car, is there any doubt in your mind that Frank Richard Edwards closed this gap and prevented you from pulling back in?" A. "He pulled up there so I could not get back in. I would not have stayed out if I could have got back in." Q. "Did you ever see any indication that he applied his brakes or slowed down or reduced his speed in any way at all?" A. "No, sir."

According to this testimony, then, the collision would have been avoided if Frank Edwards had not speeded up immediately behind the Knowles automobile and prevented Jerry Edwards from returning to his right-hand side of the road when he realized that the way ahead of him was blocked by the oncoming Parrott car. There was nothing to prevent the defendant from seeing this situation and slowing down enough to let the Ford back into its proper lane of traffic. While the primary negligence was chargeable to the driver of the passing car, and while a driver who is himself not negligent is ordinarily not required to foresee that others may be, so as to avoid their negligence if it occurs, one who is himself violating traffic regulations has a duty to anticipate that others may do likewise. *Williams v. Grier*, 196 Ga. 327 (26 SE2d 698). Under the circumstances the jury might also have found that this defendant was following too closely, that this act prevented Jerry Edwards from returning to his own right side of the road, and that both of these acts concurred to cause the plaintiff's injuries. The motion for judgment nothwithstanding the verdict was properly overruled.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*