[Civ. No. 23924. First Dist., Div. Three. Dec. 12, 1967.]

FRED WHITEHILL, et al., Plaintiffs and Appellants, v. WILLARD HENRY STRICKLAND, Defendant and Respondent.

Haley, McInerney & Dillon and J. Fred Haley for Plaintiffs and Appellants.

James J. Duryea and William B. Boone for Defendant and Respondent.

SALSMAN, J.—This is an appeal from a judgment of nonsuit entered at the close of plaintiffs' case in a wrongful death action arising out of an automobile accident. The trial court concluded that the cause of action was barred by the California ''guest statute'' (Veh. Code, § 17158) as a matter of law. We have reviewed the record and find that, on the evidence presented, the decedents were not guests in the vehicle in which they were riding, and therefore reverse the judgment.

The plaintiffs in the action are Fred Whitehill and his son Michael. They sue for the wrongful death of Patricia Whitehill and her daughter Susan. Fred and Patricia were husband and wife, and Michael and Susan their children. Patricia and Susan met death while riding in a vehicle owned by Fred and driven by the defendant Willard Strickland, Fred's stepfather. Fred was not in the vehicle when the accident occurred.

The facts are not in dispute. Fred Whitehill owned the vehicle involved in the accident. He bought it before his marriage to Patricia. It was registered in his name alone, although it was used by him and his wife and the children as a family car.

Patricia and her children planned to visit Patricia's sister at Sherman Oaks, near Los Angeles. Patricia discussed the proposed visit with the defendant. The defendant's son resided in Riverside, some 50 miles east of Sherman Oaks. Patricia and the defendant planned to drive from San Francisco through San Bernardino to Riverside, where the defendant was to be let off, then Patricia was to drive on to Sherman Oaks. On the return trip, Patricia was to drive to Riverside, pick up the defendant, then drive back to San Francisco. The defendant testified that he went along on the trip at Patricia's suggestion, to help with the driving. With his assistance, the trip could be made in one day, and it would not be necessary to stop overnight at a motel with the children.

When the defendant, Patricia and her children left San Francisco in the Whitehill car, the defendant was driving. At Coyote, in Santa Clara County, while the defendant was at the wheel, the car crossed the center line of the highway and collided head-on with another vehicle. Patricia and Susan were killed; Michael and the defendant survived.

Vehicle Code section 17158 provides as follows: "No person riding in or occupying a vehicle owned by him and driven by another person with his permission and no person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of the vehicle or against any other person legally liable for the conduct of the driver on account of personal injury to or the death of the owner or guest during the ride, unless the plaintiff in any such action establishes that the injury or death proximately resulted from the intoxication or willful misconduct of the driver."

In support of the judgment below, respondent contends that Patricia was in effect an owner of the vehicle in which she was riding at the time of her death, and hence this action is barred by the explicit terms of the statute. This contention cannot be supported.

■ Vehicle Code section 17158 is in derogation of the common law and must be strictly construed. (*Prager* v. *Isreal*, 15 Cal.2d 89, 93 [98 P.2d 729], and cases cited; *Nault* v. *Smith*, 194 Cal.App.2d 257, 259 [14 Cal.Rptr. 889].) We cannot extend its coverage beyond its terms. ■ The statute bars *an owner* [italics ours] injured while his own vehicle is being driven by another from recovering from the driver unless intoxication or willful misconduct is established. Here, the evidence as to ownership is clear and undisputed. It shows that plaintiff Fred Whitehill, and not his wife Patricia, was the owner of the vehicle, which was his separate property. We cannot broaden the language of the statute so as to defeat this action merely because the car was a family car, used by both Fred and Patricia for family purposes after their marriage. That use, however extensive it may have been, did not convert the car to Patricia's ownership, or make her an owner within the meaning of the statute.

■ Respondent argues, however, that the purpose of the trip was purely social and therefore Patricia was a guest within the meaning of the statute.

The statute bars the claim of a person ". . . who as a guest accepts a ride in any vehicle . . . without giving compensation for such ride. . . ." If one is to be a guest in a vehicle and "accept" a ride therein there must be a host who can extend an invitation for the ride. The evidence here establishes that the defendant could not and did not achieve the status of a host. He did not own the vehicle. He did not borrow the car or rent it, and did not have charge of it. He did not propose the trip. He was in no position to extend an invitation to anyone to ride with him. On the contrary, it was Patricia, as bailee of the car owned by her husband, who extended an invitation to the defendant to go along on the trip. It was she who extended the hospitality. Thus Patricia stood in the position of a host rather than a guest, within the meaning of the statute. (See *Collie* v. *Aust*, 173 Cal.App.2d Supp. 793, 794 [342 P.2d 998].)

Since we have concluded that, as a matter of law, Patricia and her children were not guests of the defendant driver, we do not reach the question whether they were guests "giving

compensation'' for their ride by departing substantially from the direct route [from San Francisco] to Sherman Oaks to drop the defendant off in Riverside. (Veh. Code, § 17158; see *Martinez* v. *Southern Pac. Co.*, 45 Cal.2d 244, 253 [288 P.2d 868] ; *Nault* v. *Smith, supra,* 194 Cal.App.2d 257, 266.)

The judgment is reversed.

Draper, P. J., and Bray, J.,* concurred.

A petition for a rehearing was denied January 2, 1968, and respondent's petition for a hearing by the Supreme Court was denied February 8, 1968.

_____

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.