Argued October 29, affirmed December 11, 1968

PROSCH, *Respondent, v.* CATER, *Appellant.*

448 P. 2d 380

*Thomas K. Thorpe* and *James E. Griffin,* Portland, argued the cause for appellant. With them on the briefs were Williams, Montague, Stark & Thorpe, Portland.

*Lawrence B. Rew,* Pendleton, argued the cause for respondent. With him on the brief were Corey, Byler & Rew, Pendleton.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and MENGLER, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries alleged to have been caused by defendant in the operation of plaintiff's automobile. Defendant appeals from a judgment entered for plaintiff.

Plaintiff and defendant together with their respective girl friends drove out of La Grande in plaintiff's car for a pleasure trip. Plaintiff drove. On their way back to La Grande plaintiff said that he was sleepy and requested defendant to drive the car. While defendant was driving the car veered off the highway and rolled over, causing the injuries for which plaintiff now seeks to recover.

The only assignment of error is directed to the court's refusal to grant defendant's motion for a directed verdict. The motion was made on the ground that plaintiff was a guest and that since there was evidence only of ordinary negligence on the part of defendant, plaintiff is barred by the guest statute ORS 30.115.[1]

There is a division of authority on the question of

---

[1] ORS 30.115 provides:

"No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. As used in this section:

"(1) 'Payment' means a substantial benefit in a material or business sense conferred upon the owner or operator of the conveyance and which is a substantial motivating factor for the transportation, and it does not include a mere gratuity or social amenity.

"(2) 'Gross negligence' refers to negligence which is materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others."

whether an owner can be a guest in his own automobile.[2]

We hold that the trial court correctly ruled as a matter of law that plaintiff was not a guest within the meaning of ORS 30.115. Whatever language we may have used in our previous cases to define a "guest," we do not think that the legislature intended the guest statute to be applicable where an owner-host who continues to ride in his car temporarily turns over to his guest the responsibility for driving the car. Whether there are circumstances under which an owner may be a guest it is not necessary for us now to decide.

The judgment of the trial court is affirmed.

---

[2] See, Annot., 65 ALR2d 312 (1959).