## 46878. METROPOLITAN LIFE INSURANCE COMPANY v. LEHMANN.

HALL, Presiding Judge. In a suit to collect disability benefits under a group insurance policy, the defendant appeals from the denial of its motion for a physical and mental examination of the plaintiff.

Plaintiff alleges that he suffered a heart attack on April 28, 1969, and has been permanently and totally disabled since then. The evidence shows that plaintiff first consulted a physician on June 4, 1969, who certified his disability as of April 28. This report was submitted to defendant's agent at plaintiff's place of employment. In August of 1969 defendant denied benefits on the grounds that plaintiff was not insured. (Plaintiff's company was on strike from April 28 to July 25. The insurance continuation privilege existed only through the end of May.) Plaintiff was examined by another doctor in October who

also certified his disability because of heart disease. This report was submitted to defendant. Plaintiff continued to press his claim for benefits and received copies of correspondence in January and February of 1970 which stated, in effect, that because he had not received medical treatment until June, he had failed to demonstrate the existence of his disability during the period of coverage.

Plaintiff filed this action in October of 1970. Defendant's answer not only raised the issue of coverage but also denied that plaintiff is disabled. The deposition of one of plaintiff's doctors was taken in August of 1971. Defendant's attorney appeared and questioned the doctor in detail. The motion to require plaintiff to submit to a physical and mental examination was filed October 1, 1971, four days before the date set for trial. After a hearing, the court denied the motion and certified the order for immediate review.

Defendant contends that it has shown the essential elements for this motion under *Code Ann.* § 81A-135 (a); therefore the court acted arbitrarily and abused its discretion in denying the motion. We do not agree. "By [the statute's] clear terms the granting of an order for physical examination is permissive, not mandatory, and may be entered only for 'good cause shown.' What is sufficient to fulfill that criterion rests in the broad discretion of the trial judge." *Bradford v. Parrish*, 111 Ga. App. 167, 168 (141 SE2d 125). See also Schlagenhauf v. Holder, 379 U. S. 104 (85 SC 234, 13 LE2d 152).

A relevant factor in this determination is the ability of the movant to obtain the desired information by other means. Schlagenhauf v. Holder, supra; 4A Moore's Federal Practice § 35.03[5]. Another factor would be the timeliness of the motion and the events leading up to it. See Hill v. Hietala, 268 Minn. 296 (128 NW2d 745).

The court did not abuse its discretion in denying this motion.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
ARGUED FEBRUARY 1, 1972—DECIDED FEBRUARY 22, 1972.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart, Fred W. Ajax, Jr.,* for appellant.

*Heyman & Sizemore, Ralph G. McCallum, Jr., Louis C. Parker, III,* for appellee.