## 33977. GRIMES v. ROE et al.

PER CURIAM.

Certiorari was granted to decide when the automobile guest passenger-host relationship commences.

The facts are clearly stated in the Court of Appeals opinion, as follows (146 Ga. App. 297 (246 SE2d 332) (1978)): "The deceased, Mrs. Webb, had been to a beauty shop located in a shopping center where the defendant met her and offered to drive her home. The defendant drove her automobile to the place where Mrs. Webb was standing; the defendant got out of her car and left the engine running. The defendant opened the right front door for Mrs. Webb, who put her purse on the front seat and her left hand on the back of the front seat of the defendant's car. While Mrs. Webb's hand was resting on the back of the front seat and while both of her feet were on

the ground, the automobile began to move backward slowly . . . As a result of injuries sustained, Mrs. Webb died."

Questioning the continued usefulness of the guest passenger rule in its entirety, the Court of Appeals reversed the judgment for the defendant based upon the jury's verdict, holding that under the facts of this case the deceased was not yet a guest passenger because she had not ridden in or seated herself in the vehicle.

As was pointed out in *Bickford v. Nolen,* 240 Ga. 255, 257 (240 SE2d 24) (1977), one purpose of the auto guest passenger rule is the fostering of hospitality by insulating generous hosts from lawsuits by injured guests. The decision of the Court of Appeals in this case limited the applicability of the rule notwithstanding the fact that the reason for the rule is equally applicable to the facts here as it would be when the guest passenger is riding in or leaving the vehicle. *Sewell v. Douberly,* 116 Ga. App. 65 (156 SE2d 528) (1967). We therefore hold that when a person who has been invited to ride in a vehicle is injured by that vehicle while in the process of entering or boarding it for the purpose of riding therein, the automobile guest passenger relationship exists. Cases describing the rule as being applicable to one *riding in* a vehicle are not conclusive as to the commencement and termination of the relationship as was found in *Sewell v. Douberly,* supra.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., and Hall, J., who concur specially.*

·ARGUED NOVEMBER 13, 1978 — DECIDED DECEMBER 5, 1978.

*Dennis, Corry, Webb, Carlock & Williams, Dennis J. Webb,* for appellant.

*Lokey & Bowden, Glenn Frick, Gary Hill,* for appellees.

HALL, Justice, concurring specially.

This case is an excellent illustration of the absurdity and impracticability of the guest-passenger rule. In my dissent in *Bickford v. Nolen,* 240 Ga. 255 (240 SE2d 24)

(1977) I pointed out that the rule "increases appellate decision points" and creates, in the words of Prosser, "so many knotty little problems involving petty and otherwise entirely inconsequential points of law." For example, at what point on entering or leaving the automobile are you a guest-passenger? How much of one's body or accessories should be in or partially inside the automobile? Does the engine have to be running? What about the position of the gears or brakes? One can go on and on.

Georgia is the only state which adheres to a judicially created guest-passenger rule. Obviously all the other jurisdictions are out of step—not Georgia.

I am authorized to say that Presiding Justice Undercofler joins in this special concurrence.