## 34617. CRIDER v. SNEIDER.

MARSHALL, Justice.

We granted certiorari in this case to address questions concerning application of CPA § 35 (a) (Code Ann. § 81A-135 (a); Ga. L. 1966, pp. 609, 647; 1972, pp. 510, 527) and the guest passenger rule.

The plaintiff-appellant-respondent in certiorari brought this wrongful-death action in the Bleckley Superior Court against the defendant-appellee-applicant for certiorari. These are the facts giving rise to the dispute: The plaintiff's 18-year-old daughter and the defendant had come from Valdosta to Atlanta for a weekend visit at the plaintiff's home. The automobile in which they drove was purchased by the plaintiff, and he

---

[1]The original record shows appellant exhausted all of his peremptory strikes.

furnished his automobile to his deceased daughter for her use in going to work and college. The decedent had contracted the flu, and on the return leg of the decedent's and the defendant's journey back to Valdosta, the plaintiff requested the defendant to drive if his daughter became unable to "make it." The decedent and the defendant stopped to get a hamburger at a restaurant in the vicinity of Macon, and, at the decedent's request, the defendant then took the wheel. On Interstate 75 South near Ashburn, Georgia, the automobile in which they were driving left the southbound lane of the highway, crossed the median directly in front of the northbound traffic, and was struck by a vehicle going in the northward direction. The plaintiff's daughter was killed.

During the discovery stage of the trial, it was disclosed that the defendant could not remember the facts and circumstances surrounding the accident. His physician attributed this lapse of memory to a condition described as "traumatic amnesia." Pursuant to CPA § 35 (a), the plaintiff filed a motion for a court order requiring the defendant to submit to a mental and physical examination. This motion was denied by the trial court. A motion in limine to suppress the defendant's proffered medical testimony concerning his "traumatic amnesia" was also denied.

The trial court determined that the decedent was a guest passenger of the defendant at the time of the collision, which invokes the guest passenger rule requiring gross negligence to be proved before a recovery against the host for personal injuries to the guest is sanctioned. *Bickford v. Nolen,* 240 Ga. 255 (240 SE2d 24) (1977); *Epps v. Parrish,* 26 Ga. App. 399 (106 SE 297) (1921). The trial court so charged the jury.

The jury returned a verdict in favor of the defendant, and judgment was entered thereon. On appeal the Court of Appeals held that the trial court abused its discretion in denying the plaintiff's CPA § 35 (a) motion for a mental and physical examination of the defendant. In addition, the Court of Appeals determined that the trial court erred in charging the jury on gross negligence, holding: "Under the circumstances of this case, we are firmly of the opinion that it was a jury issue as to whether the driver owed the

duty of exercising ordinary care rather than . . . slight diligence."

We hold that the trial court did not abuse its discretion in denying the CPA § 35 (a) motion for a physical and mental examination of the defendant. We also hold that, as a matter of law, the defendant did not become the decedent's host, within the meaning of the guest passenger rule, merely by assuming the driving responsibilities. We, therefore, reverse.

1. CPA § 35 (a) provides that: "When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

In this case, the trial court ruled that the condition sought to be explored was not a "main issue in controversy," and that there was an inadequate showing that the facts and circumstances of the collision could not be established by other sources of evidence. Accordingly, the trial court denied the motion.

As recognized by the trial court and the Court of Appeals, the grant or denial of a CPA § 35 (a) motion for mental and physical examination rests in the sound discretion of the trial court. *Metropolitan Life Ins. Co. v. Lehmann,* 125 Ga. App. 539 (188 SE2d 393) (1972). See also *Bradford v. Parrish,* 111 Ga. App. 167 (141 SE2d 125) (1965). In Schlagenhauf v. Holder, 379 U. S. 104 (85 SC 234, 13 LE2d 152) (1964), the Supreme Court of the United States granted certiorari in order to interpret the "in controversy" and "good cause" requirements of Fed. Rule of Civ. Proced. 35 (a), the federal counterpart of the Georgia rule.

In Schlagenhauf, the defendant sought to invalidate Rule 35 (a) insofar as it authorizes a plaintiff to require a defendant to undergo physical and mental examinations.

The defendant argued that this would be an unconstitutional invasion of his right of privacy.

The Supreme Court disagreed, holding that Rule 35 (a) requires a "discriminating application by the trial judge" and that "[t]he 'good cause' and 'in controversy' requirements of Rule 35 make it very apparent that sweeping examinations of a party who has not affirmatively put into issue his own mental or physical condition are not to be automatically ordered merely because the person has been involved in an accident . . ." 379 U. S. at 121.

Noting that Rule 26 (b) imposes "relevancy" as the standard for determining the scope of discovery generally, the court held that the "in controversy" requirement, found only in Rule 35, and the "good cause" requirement, found only in Rules 34 and 35, require something more. The court specifically held that in determining whether good cause had been shown for ordering the requested mental and physical examination, "[t]he ability of the movant to obtain the desired information by other means is also relevant." 379 U. S. at 118. Although stating that the requirements of Rule 35 (a) are not generally met merely by allegations in the pleadings, the court did note several "situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury [cit.], places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. This is not only true as to a plaintiff, but applies equally to a defendant who asserts his mental or physical condition as a defense to a claim, such as, for example, where insanity is asserted as a defense to a divorce action. [Cits.]" 379 U. S. at 119.

In this case, the defendant did not assert his mental or physical condition as a defense to the plaintiff's claim; that is, the defendant did not allege that he was not liable to the plaintiff because his traumatic amnesia prevented him from remembering the facts and circumstances of the accident. We conclude that the trial court did not abuse its discretion in ruling that the facts and circumstances of the collision could be established by other sources of evidence

and, therefore, the plaintiff had not shown "good cause" for requiring the defendant to submit to the mental and physical examination.

2. As to the application of the guest passenger rule, the defendant states that this case presents a question of first impression in Georgia, namely, whether a person can be a guest passenger in an automobile owned by a member of his or her family. The plaintiff argues that his daughter was the bailee of the automobile, and, therefore, in relation to third persons such as the defendant, she stood in the position of the true owner. We agree with the plaintiff. Under the circumstances of this case, we find that the plaintiff father was the bailor of the automobile and the decedent daughter was the bailee. See Whitehill v. Strickland, 64 Cal. Rptr. 584 (256 CA2d 837) (1967); Degenstein v. Ehrman, 145 NW2d 493 (N. D. 1966); Baldwin v. Hill, 315 F2d 738 (6th Cir. 1963); Cf. *Nash v. Reed,* 81 Ga. App. 473 (59 SE2d 259) (1950). For purposes of application of the guest passenger rule, the bailee stands in the same place as the true owner with respect to third persons. Baldwin v. Hill, supra; Degenstein v. Ehrman, supra.

Thus, the question presented is whether the owner of an automobile becomes the guest passenger by reason of the fact that another occupant in the automobile assumes the driving.

Other courts have addressed this question and, "the majority of the decided cases hold that the owner of an automobile is not the guest of the driver while riding in his own car. Gledhill v. Connecticut Co., 121 Conn. 102, 183 A 379 (1936); Lorch v. Eglin, 369 Pa. 314, 85 A2d 841 (1952); Ahlgren v. Ahlgren, 152 Cal. App. 2d 723, 313 P2d 88 (1957); Naphtali v. Lafazan, 7 Misc. 2d 1057, 165 NYS2d 395 (1957) affirmed 8 AD2d 22, 186 NYS2d 1010; Leonard v. Helms, 269 F2d 48 (CA 4, 1959); Parker v. Leavitt, 201 Va. 919, 114 SE2d 732 (1960); Henline v. Wilson, 111 Ohio App. 515, 174 NE2d 122 (1960) (motion to certify to Supreme Court of Ohio overruled 1960); Peterson v. Winn, 84 Idaho 523, 373 P2d 925 (1962). See Annotation, 65 ALR2d 312. The rationale underlying these decisions is that the host-guest relationship is dependent in large measure upon the furnishing of

hospitality by the host to the guest. Since the owner-passenger is the one extending the hospitality — furnishing the mode of transportation — to the driver, the owner-passenger is the host and the driver is the guest. There are two cases which hold contrary to the majority view. Phelps v. Benson, 252 Minn. 457, 90 NW2d 533 (1958); Murray v. Lang, 252 Iowa 260, 106 NW2d 643 (1960)." Baldwin v. Hill, 315 F2d 738, supra, p. 741. For other cases holding that the status of the motor vehicle owner as host is not altered by the fact that the guest-passenger assumes the driving, see Satterfield v. Satterfield, 448 SW2d 456 (Tex. Sup. 1969); Prosch v. Cater, 252 Or. 63 (448 P2d 380) (1968); Summers v. Summers, 40 Ill. 2d 338 (239 NE2d 795) (1968); Degenstein v. Ehrman, 145 NW2d 493, supra; Walton v. Tull, 234 Ark. 882 (356 SW2d 20) (1962); Peterson v. Winn, 84 Idaho 523, supra; Richards v. Eaves, 273 Ala. 120 (135 S2d 384) (1961); Collie v. Aust, 173 Cal App. 2d 793 (342 P2d 998) (1959). But, see Schlim v. Gau, 80 S. Dak. 403 (125 NW2d 174) (1963).

"The word 'guest' is used to denote one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as it is customary to extend as part of the ordinary courtesies of the road." Restatement of Torts 2d, § 490, p. 546, Comment a. Where the host and guest embark on a trip which is predominently social, the taking of a turn in driving is regarded as a matter of courtesy only. 2 Harper & James, The Law of Torts, § 16.15, p. 960 (1974).[1]

---

[1] In Georgia, it has been held that where two people enter into an agreement to make a trip for their joint pleasure or benefit and they share expenses and take turns in driving the motor vehicle, the standard of care owed by the driver to the occupant is ordinary care, whether the occupant be the owner of the vehicle or the person who is invited to accompany the owner or person in charge of the automobile. *Edwards v. McKenzie,* 114 Ga. App. 395 (151 SE2d 469) (1966). However, the plaintiff has not argued that the defendant owed the decedent a duty of ordinary care under this theory.

We find, under the circumstances present here, that the decedent, as the owner of the automobile — vis-a-vis the defendant — was not the guest passenger; and, as a matter of law, the defendant's assumption of the driving responsibilities as a courtesy of the road did not relegate the decedent to the status of guest passenger. Cf. *Reese v. Reese,* 142 Ga. App. 243 (236 SE2d 20) (1977) (wherein it was held that the question of whether the injured party was an invitee or a guest passenger should have been submitted to the jury, since there was evidence authorizing the jury to make either finding.)

*Judgment reversed. All the Justices concur, except Undercofler, P. J., and Hall, J., who concur specially in Division 2.*

ARGUED MARCH 14, 1979 — DECIDED MAY 2, 1979 — REHEARING DENIED MAY 29, 1979.

*Van Gerpen, Bovis, Kyle & Burch, E. J. Van Gerpen, George N. Skene,* for appellant.

*Westmoreland, Hall, McGee, Warner & Oxford, John L. Westmoreland, Jr., J. M. Crawford,* for appellee.

HALL, Justice, concurring specially in Division 2.

This case perfectly illustrates the absurdity of the guest-passenger rule. See my special concurrence in *Grimes v. Roe,* 242 Ga. 669, 670-671 (251 SE2d 266) (1978) and my dissent in *Bickford v. Nolen,* 240 Ga. 255, 258-261 (240 SE2d 24) (1977). Under the majority opinion, where two parties alternate in driving an automobile on a trip, the duty of care owed to the non-driver is slight care when the owner is driving and ordinary care when the non-owner is driving.

I am authorized to state that Presiding Justice Undercofler joins in this special concurrence.