### 11759. EPPS *v.* PARRISH.

One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence.

DECIDED MARCH 8, 1921.

Action for damages; from city court of Savannah—Judge Freeman. June 16, 1920.

Application for certiorari was denied by the Supreme Court.

*Hitch & Denmark,* for plaintiff in error.

*Oliver & Oliver,* contra.

LUKE, J. This case arises by reason of a suit to recover damages, wherein it is alleged that the plaintiff was riding as an invited guest in an automobile owned and driven by the defendant; that while so riding as such invited guest, along with other members of her family, who were also invited guests, the defendant carelessly and negligently, and because of inexperience and lack of skill in the handling of an automobile, lost control of the automobile and drove it, head on, into a large oak tree, wrecking the automobile, and that by reason of the wreck the plaintiff was injured. The defendant demurred to the petition, upon the ground that it set forth no cause of action. The court overruled the demurrer.

Inasmuch as the plaintiff was an invited guest and a gratuitous passenger, and it not being alleged that the defendant was guilty of gross negligence, it was error for the court to overrule the general demurrer. It is our opinion that in order for an invited guest in an automobile to recover of the owner and driver of the car for an injury occasioned by the negligence of the driver, it must be pleaded that such negligence was gross negligence. See, in this connection, the reasoning set out in *Self* v. *Dunn,* 42 *Ga.* 528 (5 Am. Rep. 544). See also, in this connection, Civil Code (1910), § 3473; Huddy on Automobiles (5th ed.) 890; Massaleti *v.* Fitz-

roy, 228 Mass. 487 (118 N. E. 168; L. R. A. 1918C, 264; Ann. Cas. 1918B, 1088). We understand that it has been an open question in Georgia as to what degree of negligence is owed by the owner and driver of an automobile to an invited guest. We have reached the conclusion that in order for the invited guest to recover from the owner and operator of an automobile for an injury received by reason of the negligent driving or handling of the machine, there must be facts pleaded that show gross neglect upon the part of the owner and driver of the machine. We have examined cases from other States, and in all cases where there seems to be a holding to the contrary the cases were dependent upon the particular facts there pleaded, such as the driving of the automobile at a reckless rate of speed over the protest of the invited guest, or the racing of the car with other vehicles over his protest. We find no case where there was a ruling contrary to the view we take upon the particular facts as pleaded in the instant case. It was error to overrule the general demurrer to the plaintiff's petition.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*