33963. ROBERTS *v.* FOSTER.

DECIDED MAY 9, 1952.

134

*Wesley G. Bailey,* for plaintiff.

*Marvin G. Russell, Turner Paschal,* for defendant.

SUTTON, C. J. ■ The first special ground of the motion for a new trial contends that the trial judge erred in failing to give in his charge to the jury Code §§ 68-303 (d), (h), (i), and (j), as both parties alleged that the defendant followed the trackless trolley, passed it on the right, and entered the intersection beyond without stopping; and the movant further states that the failure to charge these Code sections left the jury without the law applicable to the pleadings and the evidence.

It was not error for the trial judge to fail to give in charge Code § 68-303 (d), which provides for passing an overtaken vehicle to the left of such overtaken vehicle, for it was inapplicable. Section 88-916 (4) (1) (a) of the Ordinances of the City of Atlanta provides that the driver of a vehicle may overtake and pass to the right of another vehicle when the vehicle overtaken is making or about to make a left turn. Code § 68-312 provides that "Nothing contained in this law shall be construed as changing or interfering with any regulation or ordinance which has heretofore been or may hereafter be adopted by any municipality, regulating the running or operation of motor vehicles described in this law." The defendant, in pass-

ing to the right of the trackless trolley, which he was overtaking as it was about to make a left turn, was doing as he was permitted to do by the city ordinance, and therefore was not required to pass to the left of the overtaken vehicle.

Code § 68-303 (h) is applicable to vehicles passing street cars or buses which have stopped for the purpose of taking on or discharging passengers, but there was no evidence that the trolley bus in this case had stopped for such a purpose. On the contrary, the evidence shows that it had stopped near the middle of the street preparatory to making a left turn. This provision of the State law was inapplicable to the case.

Code § 68-303 (i) provides for reducing speed at intersections, and Code § 68-303 (j) requires the operator of a motor vehicle to sound his horn when approaching points on a highway "where the view of the side of an intersecting highway is obstructed," but it is not shown in this ground of the motion that there were pleadings or evidence raising issues as to whether or not the defendant failed to reduce his speed or to sound his horn, and therefore it is not shown that the trial judge should have given these sections of the Code in charge to the jury. No error is shown by this ground of the motion.

■ The second special ground assigns error on the failure of the court to give in charge to the jury Code § 68-303 (g), which provides that a vehicle on the right at an intersection shall have the right of way, inasmuch as the evidence was uncontradicted that the defendant failed to yield the right of way to a witness, Grady Daugherty, who was to the defendant's right. There was no question or issue in the case as to the right of way between the defendant and the witness, Grady Daugherty, who was stopped on Atlanta Avenue to the defendant's right. As between the parties to this suit, the evidence showed that the defendant was on the plaintiff's right at the intersection; and, under this Code section, the plaintiff should have yielded the right of way to him. Failure to give this section in charge was not prejudicial to the plaintiff, and this ground shows no error against the plaintiff.

■ In the third special ground, the movant contends that it was the duty of the court to instruct the jury that failure to comply with statutory provisions set out in other grounds of

the motion was negligence per se, and assigns error on the following instruction: "The jury is instructed, however, that it is not for the court to group together any particular set of facts and characterize either their existence or absence as negligence or as diligence." This charge was not error. It is only an act or omission violating a duly enacted statute or ordinance which is characterized as negligence per se, and it is not for the court to say what does or does not amount to ordinary or common-law negligence.

■ The movant says in special ground 4 that the court should have instructed the jury that, if the plaintiff violated no law in approaching and entering the intersection, he was under no duty to anticipate that the defendant would emerge from the opposite side of the standing bus and come into the plaintiff's path, since the evidence showed that neither party could see the other, as their view was obstructed by the bus. Such a charge would not have been proper or correct, under the facts of this case, and ground 4 shows no error.

■ In special ground 5 the movant complains that the following excerpt from the charge, "That as a direct result of the collision, the defendant shows that his truck was damaged, in that the left front fender was smashed in," could have been understood by the jury as an expression of opinion by the court, and that the word "contends" should have been used instead of the word "shows." This language was taken from the defendant's cross-action, and the trial judge explained before and after his summary of the pleadings that the pleadings were only the contentions of the parties and were not to be considered as evidence. This ground is without any merit.

■ Under the evidence, the jury was authorized to find that the parties both acted on the assumption that the trackless trolley was going to make a left turn; that the defendant accordingly passed to the right of the trolley and entered the intersection and that the plaintiff, after stopping as required by a stop sign, also entered the intersection, as the trolley drew to a stop, and proceeded to cross in front of it. Apparently, the trackless trolley obstructed the view of both parties so that they were unable to see each other until it was too late to avoid a collision. From these facts, the jury was authorized to find

that the parties were equally at fault, or that the plaintiff was not entitled to recover, and hence, to return a general verdict for the defendant. The court did not err in denying the motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*