James R. REED, Ross V. Messer, Sr., Mrs. John R. Stuckman, Mrs. Thomas I. Thrasher and Dr. Lewis M. Mashburn, Plaintiffs,

v.

Katherine E. MANN, As Ordinary of DeKalb County, James O. Almand, Sr., Bernard Blackwell and Ben W. Fortson, Jr., Secretary of State of the State of Georgia, Defendants.

Civ. A. No. 9185.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 30, 1964.

Peek, Whaley & Blackburn, Atlanta, Ga., for plaintiffs.

Herbert O. Edwards, Robert E. Mozley, and George P. Dillard, Decatur, Ga., for defendants, Katherin E. Mann, as Ordinary of DeKalb County, Ga., and James O. Almand, Sr.

Eugene Cook, Atty. Gen., Paul Rodgers, Asst. Atty. Gen., Atlanta, Ga., for defendants, Ben W. Fortson, Jr., Sec. of State of Ga.

Before BELL, Circuit Judge, and HOOPER and MORGAN, District Judges.

GRIFFIN B. BELL, Circuit Judge:

Plaintiffs are residents and electors of Commissioner District No. 1 of DeKalb County, Georgia. They contend that the method of electing county commissioners in DeKalb County, and more specifically the method which appertained in the November 1964 general election, violates the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution.

Jurisdiction of this suit is based on Title 28 U.S.C.A. § 1343(3). Declaratory and further relief is sought under Title 28 U.S.C.A. §§ 2201 and 2202. Three-Judge District Court status is premised on Title 28 U.S.C.A. §§ 2281 and 2284 in that the relief sought encompasses the restraining of state officials from giving effect to a state statute.

The facts necessary to a decision are undisputed. Moreover, plaintiffs have standing to maintain this action, and a justiciable issue is presented by the complaint. See Baker v. Carr, 1962, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed. 2d 663; Gray v. Sanders, 1963, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821; Wesberry v. Sanders, 1964, 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481; Reynolds v. Sims, 1964, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, and related decisions.

The facts are that the governing body of DeKalb County was changed in 1956 from one Commissioner of Roads and Revenues to a Commission consisting of a chairman and four members. Ga.Laws 1956, pp. 3237–3259. The statute provided that all were to be elected county at large. However, the members other than the chairman were required to be residents of the commissioner district which they offered to represent. The county was divided into four commissioner districts, and it was provided that no two commissioners, excluding the chairman, could reside in the same district. Staggered terms of four years were set up under the statute with the

result that in one biennial election the chairman and two members are elected while in the next the other two members are elected. The residence requirement in effect diffused the representation over the county while giving each elector of the county by virtue of county at large elections a voice in the selection process.

This system was followed in connection with the election of which plaintiffs complain. James O. Almand, Sr., a Democrat, was selected over Bernard Blackwell, a Republican, by a vote of 38,317 to 35,736 on a county wide basis. Both were residents of Commissioner District No. 1. The vote in the district as distinguished from the county is not known since the voting precincts crossed district lines. The asserted unconstitutionality of the system is based on the theory that plaintiffs are deprived of representative government because the county wide vote may have overridden the will of those residing in the district. The prayer is that the county wide election provision of the statute be voided, that the election be decreed invalid, and that it be decreed that plaintiffs are entitled to choose and elect commissioners on a district basis.

■■ Whether the selection of commissioners is to be on a district or county wide basis is a matter, in the beginning, of political or governmental policy and judgment. Commissioners have duties and responsibilities which relate specifically to their respective districts. On the other hand, the position embraces many matters which directly concern over-all county operations. The General Assembly of Georgia, at the instance of the DeKalb delegation in the General Assembly, adopted the statute in question. It provides for county wide elections. The General Assembly might have stopped at that point. However, it went further and diffused the representation by creating commissioner districts. The General Assembly might have taken the reverse tack and provided for district wide elections. It did not choose to do so. The selection of a system, so long as it is not proscribed by the federal Constitu-

tion, is, of course, not the business of the court. And this brings us to the issue in the case.

■ The facts presented together with the political and constitutional theories urged do not disclose any basis which demonstrates any offense to the Constitution. The teachings of Gray v. Sanders, supra, is to first determine the geographical unit, and then to see if the voters in the unit are treated equally. This is the one-man one-vote admeasurement. The political unit here involved is DeKalb County, and it is plain that every voter in the county is treated equally.

Plaintiffs claim comfort from our recent case of Dorsey v. Fortson, N.D., Ga., 1964, 228 F.Supp. 259, now pending on appeal in the Supreme Court. That case involved state senatorial districts. The geographical unit was the state and residents of some senatorial districts within the unit were treated differently from those of others. Some could vote for as many as seven senators while others could vote for only one. We held that system in violation of the equal protection clause. No such difference or distinction between electors exists in DeKalb County under the facts as presented here.

■ Nor is there any merit in the contention that residents of DeKalb County are treated differently from residents of Cobb County in light of the different election system in use in those respective counties. It does appear that county commissioners in Cobb County are elected on a district basis rather than county wide. Ga.Laws 1964, (Extra Sess.), p. 2075. However, we can take judicial notice of the fact that there are many forms of county and municipal governments in use in Georgia but each of these local governments is a geographical unit unto itself, and it is to the residents of the particular unit that the one-man one-vote rule is to be applied. Here, all in the unit are treated equally. And we know of no doctrine of law other than that of inequality on which a claim of denial of equal protection or due

process under such circumstances can otherwise rest. There is no right *per se* to select representatives from any given size district or unit. In short, the De-Kalb County commissioner selection system appears to be a reasonable classification by the state and must be upheld. See McGowan v. Maryland, 1960, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393.

Finding no merit in the position of plaintiffs, it follows that their complaint must be dismissed. Defendants may submit an appropriate order after due notice to counsel for plaintiffs.