**Jasper C. DAVIS et al., Appellants,**

v.

**THOMAS COUNTY, GEORGIA et al., Appellees.**

**No. 23882.**

United States Court of Appeals
Fifth Circuit.

June 26, 1967.

94

—◆—

A. J. Whitehurst, III, Thomasville, Ga., for appellants.

William P. Trotter, LaGrange, Ga., Charles F. Johnson, of Altman & Johnson, E. P. McCollum, Sol Altman, Thomasville, Ga., for appellees.

Before GEWIN and AINSWORTH, Circuit Judges, and LYNNE, District Judge.

PER CURIAM.

Contending that the method of election of the eight members of the Board of Commissioners of Roads and Revenues of Thomas County provided by an act of the Georgia Legislature in 1911 (1911 Ga. Laws, p. 501), as amended in 1917 (1917 Ga.Laws, p. 394), constituted a violation of the equal protection clause of the fourteenth amendment within the principles articulated in Gray v. Sanders, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963) and nurtured in Wesberry v. Sanders, 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964), appellants, resident citizens of District No. 1 (Thomasville), filed their complaint for a declaratory judgment that such enactments are unconstitutional.

The thrust of their complaint is that although the present statute requires the election of all eight commissioners, with staggered terms, by the electorate of the county at large, the residence requirements set forth therein result in the representation of District No. 1, with a population of 20,492, by two commissioners, while the remaining four districts with a population of 13,827, are represented by six. This, they insist, amounts to invidious discrimination as a matter of law.

Being of the opinion that the complaint did not meet the test of Reed v. Mann, 237 F.Supp. 22 (N.D.Ga.1964), the district court sustained the motion to dismiss filed in behalf of defendants. This result is clearly vindicated by the opinion of the Supreme Court in Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (May 22, 1967), which is dispositive of this appeal. The judgment is

Affirmed.