46508.   FENDER v. CITY OF JESUP et al.

Hall, Presiding Judge. Plaintiff in a personal injury action appeals from the judgment for both defendants. Plaintiff was a guest passenger in defendant Collier's automobile. The collision occurred in the middle of an intersection which had a faulty traffic signal. The evidence is fairly clear that the other street had the green signal, that the red light on Collier's side was not burning, but that a green, right-turn arrow was on. The testimony of both Collier and another passenger was that they believed they had a green light but that possibly what they saw was the arrow signal. There was substantial undisputed testimony that this traffic signal was constantly malfunctioning and that the defendant City of Jesup knew of it since it had to make frequent repairs.

1. Plaintiff contends the court erred in refusing a new trial against the city as the undisputed evidence demanded a finding that it was operating a nuisance. Assuming without deciding

that the signal was a nuisance, the jury would still be authorized under the evidence to find that the sole proximate cause of the collision was not the defective signal but rather Collier's negligence in mistaking an arrow for a green light. Similarly, the jury would be authorized to find that this was not gross negligence, thus reconciling the verdict for both defendants.

2. Plaintiff contends the court erred in restricting the basis of recovery against Collier to gross negligence. The contention is without merit. The law in Georgia concerning guest passengers is so firmly established as to require no citation.

3. Plaintiff also contends the court incorrectly excluded as hearsay certain lines from the deposition of the other driver involved in the collision which were statements made by yet another person at the scene. Plaintiff contends these statements were a part of the res gestae. A reading of the lines reveals them as a narrative of what happened rather than spontaneous exclamations and therefore inadmissible. See *Flanigan v. Reville,* 107 Ga. App. 382 (130 SE2d 258) and *Augusta Coach Co. v. Lee,* 115 Ga. App. 511 (154 SE2d 689).

4. Plaintiff further contends that the court erred in allowing certain testimony concerning a contract. The transcript reveals there was no testimony on the contents of this contract but only an attempt to introduce it into evidence. Since the court refused to admit the document, plaintiff has nothing to complain about.

*Judgment affirmed. Eberhardt and Quillian, JJ., concur. Whitman, J., not participating because of illness.*

ARGUED SEPTEMBER 17, 1971—DECIDED NOVEMBER 12, 1971.

*Gibbs & Leaphart, Alvin Leaphart,* for appellant.

*Zorn & Royal, J. Kenneth Royal, William A. Zorn, Thomas & Howard, Hubert H. Howard, Robert B. Smith,* for appellees.