### 53446. BICKFORD v. NOLEN et al.

SHULMAN, Judge.

Appellant was seriously injured when the automobile in which she was riding went out of control and overturned. The evidence established that the automobile was a convertible, that the detachable convertible top was not in the vehicle, and that the mishap occurred during a heavy rainstorm as the vehicle approached a curve. The jury was charged on the automobile guest rule and returned a verdict in favor of appellee-driver. This appeal follows a denial of a motion for a new trial.

1. In enumeration one appellant challenges the constitutionality and correctness of Georgia's judicially created automobile guest rule, which requires proof of gross negligence on the part of the driver-host as a prerequisite to a guest passenger's right of recovery. *Epps v. Parrish,* 26 Ga. App. 399 (106 SE 297).

A. This court recognizes the conflict in decisions in other states.[1]

In two other states, Massachusetts and Wisconsin, guest rules were exclusively judicially created and never legislatively enacted into law. See Massaletti v. Fitzroy, 228 Mass. 487 (118 NE 168) (1917); O'Shea v. Lavoy, 175 Wis. 456 (185 NW 525) (1921). The Wisconsin rule was judicially abrogated in McConville v. State Farm Mut.

---

[1] The leading case is Brown v. Merlo, 8 Cal. 3d 855 (506 P2d 212, 106 Cal. Rptr. 388) (1973) which invalidated the California guest statute on equal protection grounds. For a list of other jurisdictions' treatment of the constitutional challenges see Kull, "The Common Law Basis of Automobile Guest Statutes," 43 U. of Chicago L.R. 798, fn. 8. (1976).

Auto Ins. Co., 15 Wis. 2d 374 (113 NW2d 14) (1962). The Massachusetts Legislature repealed the rule in 1962. Mass. Ann. Laws Chap. 231 § 85L (Supp. 1972).

B.  The Georgia guest rule was judicially established in 1921 in *Epps v. Parrish,* supra. There the court announced: "...[I]n order for the invited guest to recover from the owner and operator of an automobile for an injury received by reason of the negligent driving or handling of the machine, there must be facts pleaded that show gross neglect upon the part of the owner and driver of the machine." Id. p. 400.

The legislature has never chosen to give statutory status to the guest rule. The rule's development has been strictly that of the original decision and its progeny. Georgia courts have consistently applied the guest rule without being called upon to consider the correctness or constitutionality of the rule. *Barnum v. Martin,* 135 Ga. App. 712 (219 SE2d 341); *Hollimon v. Wall,* 127 Ga. App. 122 (192 SE2d 411); 60A CJS 799, Motor Vehicles, § 399.1b., n. 38.

The practical effect of the guest rule is to deny nonpaying guests and guests not conferring a substantial benefit on the driver-host any remedy at all where the driver has committed acts which constitute ordinary negligence and nothing more. The driver-host is legally liable to a guest-passenger only when guilty of some act constituting gross negligence.

C.  Appellant challenges the constitutionality[2] of the guest rule because the rule denies to automobile guests injured in an automobile mishap a cause of action based on ordinary negligence, but permits all other persons including guests in other automobiles, paying passengers, other drivers and pedestrians to recover for injuries resulting from ordinary negligence.

---

[2] U. S. Constitution Amendment XIV, Ga. Code § 1-815: "No State shall make or enforce any law which shall...deny to any person within its jurisdiction the equal protection of the laws." Ga. Constitution, Art. I, Sec. II, Par. III (Code Ann. § 2-203): "Protection to person and property is the paramount duty of government, and shall

Federal and state constitutional requirements as to statutes apply to judicially made rules. *Crowder v. Dept. of State Parks,* 228 Ga. 436, 440 (185 SE2d 908).

In areas of the law not involving fundamental rights or suspect classifications, the United States Supreme Court has adopted a restrained standard of review for equal protection purposes. "A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' " Reed v. Reed, 404 U. S. 71, 75 (92 SC 251, 30 LE2d 225) (1971), citing Royster Guano Co. v. Virginia, 253 U. S. 412, 415 (40 SC 560, 64 LE 989) (1920). The Georgia Constitution allows classification"...when and only when the basis of such classification bears a direct and real relation to the object or purpose of the legislation, and when thus classified, uniformity upon all those coming within the class satisfies the Constitution. [Cits.]" *Simpson v. State,* 218 Ga. 337, 338 (127 SE2d 907).

Under both state and federal constitutional standards, we would hold that the guest rule classification scheme must fail.[3]

D. Two arguments have been advanced by counsel and by the literature,[4] as justification for the guest rule: (1) promotion of hospitality by insulating drivers from lawsuits by ungrateful guests;(2) prevention of collusive lawsuits which might result from the guest-host relationship.

(1) *Promotion of Hospitality.* Since the enactment of the Georgia Motor Vehicle Accident Reparations Act

---

be impartial and complete."

[3] In Silver v. Silver, 280 U. S. 117 (1929), the Supreme Court upheld the constitutionality of the Connecticut guest statute. That case is not controlling because the court only considered the statutory distinction between automobile guests and guests in other kinds of conveyances.

[4] Prosser, The Law of Torts, 186, § 34 (4th Ed. 1971); 2 Harper & James, The Law of Torts 961, § 16.15 (1956).

(Code Ann. § 56-3401b et seq.) requiring minimum mandatory insurance coverage, the guest rule results in protection of insurance companies, not generous hosts, from lawsuits by negligently injured guests. Brown v. Merlo, supra; Thompson v. Hagan, 96 Id. 19 (523 P2d 1365); McConville v. State Farm Mut. Auto. Ins. Co., supra. Although the hospitality rationale may have had validity in 1921 when the guest rule was announced, mandatory liability insurance has destroyed the basis for the argument. Nor can any interest in fostering lower insurance premium rates by not requiring the public to absorb the cost of guest passenger injuries through loss shifting justify the rule. The presence or lack of the guest rule is not a decisive factor in premium computations. See Tipton, "Florida's Automobile Guest Statute," 11 U. Fla. L. Rev. 287, 304 (1958).

(2) *Prevention of Collusive Lawsuits.* "The theory behind this 'compensation' classification appears to be that the driver who gives a free ride to a passenger does so because of a close relationship with his guest; because of the presumed closeness of this relationship, the driver may falsely admit liability so that his guest may collect from the driver's insurance company. To combat this risk of potential fraud, the guest statute eliminates all causes of action in negligence for automobile guests." Brown v. Merlo, supra, p. 873. See *Minkovitz v. Fine,* 67 Ga. App. 176, 182 (19 SE2d 561).

"By denying all guests' negligence actions against their driver, the guest statute is overinclusive in its sweep and bars all the actions. The judicial system has several means for prevention and discovery of fraud which includes perjury, cross examination under oath and various discovery devices. There is no reason to believe that they would be ineffective for the prevention of collusion in suits by a guest against a host's insurance company. There is no reasonable relationship between the guest statute and its purpose to prevent collusion." Thompson v. Hagan, supra, p. 1369.

Neither the prevention of collusion nor the promotion of hospitality can justify the perpetuation of a constitutionally impermissible classification. The guest rule's denial of the guest's cause of action based on an

ordinary negligence theory against the driver-host does not bear a rational relationship to the above objectives, and we feel that if we could we would end the proliferation of this archaic judicial ruling.

E. This court is aware that a number of jurisdictions have declined to declare automobile guest statutes unconstitutional because the state still distinguishes between invitees/licensees and trespassers in property cases. Botsch v. Reisdorff, 193 Neb. 165 (226 NW2d 121) (1975); Tisko v. Harrison, 500 SW2d 565 (Tex. Civ. App. 1973); Cannon v. Oviatt, 520 P2d 883 (Utah, 1974).

The guest/host and trespasser/invitee/licensee relationships do not involve the same duties or the same factual situations. "Under the guest statute the automobile host has a negative duty towards his guest of not causing an accident through gross negligence . . . The landowner's duty towards licensees centers around warning him of dangers, but the automobile host's duty looks to the activities of the host in controlling the automobile.

"There are also factual distinctions between an automobile host-guest situation and a landowner-licensee situation. Once inside a moving vehicle, the guest has no means of escaping his host's negligence, but a licensee can leave the landowner's property upon notice of negligent or hazardous activity. The automobile host is in full control of the vehicle unless the accident is caused by a mechanical defect, but the landowner need not be present when the licensee is exposed to danger, and it is impossible for him to control all areas of his property." Thompson v. Hagan, supra, p. 1369. See also Prosser, The Law of Torts 382, § 60 (4th Ed. 1971).

F. Even if we were to agree that the guest rule is constitutionally permissible, we would still decline to follow it.

The guest rule, being judicially created, can be judicially abrogated. *Azizi v. Bd. of Regents of the University System,* 233 Ga. 487 (212 SE2d 627). "[C]ourt-made common law rules, not altered by statute or constitution, may be adjusted to different government and different social needs, different from those existing at

common law." *Crowder v. Dept. of State Parks,* 228 Ga. 436, 445 (185 SE2d 908) (Justice Felton, dissenting).

Generally, if a judicial rule is consistent with state and federal constitutional requirements then whether the rule should be abrogated is a matter of public policy which addresses itself to the legislative, not the judicial branch of our state government. *Crowder v. Dept. of State Parks,* supra, p. 440. It is apparent, however, that the guest rule is inconsistent with public policy as declared by the state legislature.

The Georgia Motor Vehicle Accident Reparations Act (Code Ann. § 56-3401b et seq.) requires as a matter of public policy the compensation of guests and passengers for personal injuries regardless of fault. Code Ann. §§ 56-3401b, 56-3407b.

The guest rule also contravenes the spirit of Georgia's comparative negligence statute. Code Ann. § 105-603. Cf. McConville v. State Farm Mut. Auto. Ins. Co., supra. The comparative negligence rule seeks to avoid the wholesale denial of recovery to any party who is only partially responsible for injury sustained. The guest rule completely denies recovery to a guest plaintiff who is totally free of any negligence whatsoever. See Widger, "The Present Status of Automobile Guest Statutes," 59 Cornell L. Rev. 659, 671, fn. 89 (1974).

There are no longer any valid reasons for adhering to our judicially created guest rule. Continued adherence to the guest rule's common law distinctions can only lead to injustice or, if injustice is to be avoided, further fictions resulting in complexity and confusion. Accordingly, we would decline to follow and perpetuate the guest rule's classifications.

G. ". . . [A] judicious reconsideration of precedent cannot be as threatening to public faith in the judiciary as continued adherence to a rule unjustified in reason, which produces different results for breaches of duty in situations that cannot be differentiated in policy. Respect for the process of adjudication [would] be enhanced, not diminished, by our ruling today." Moragne v. State Marine Lines, 398 U. S. 375, 405. See also *Humthlett v. Reeves,* 211 Ga. 210, 215 1(b) (85 SE2d 25); *Rogers v. Carmichael,* 184 Ga. 496, 510 (192 SE 39); *Brown v. Ga.-*

*Tenn. Coaches, Inc.,* 88 Ga. App. 519, 533 (77 SE2d 24).

However, we are bound by the decisions of our Supreme Court which hold the guest rule to be the law of this state. See *Holland v. Boyett,* 212 Ga. 458 (2) (93 SE2d 662). The challenge to the constitutionality and correctness of the rule should be addressed to that court and not this one. *Taylor v. Ga. Power Co.,* 137 Ga. App. 44 (1) (222 SE2d 869); Code Ann. § 2-3108, Const. Art. VI, Sec. II, Par. VIII. "[I]t is our duty to follow the precedents and the ancient landmarks of the law as declared by the Supreme Court. If the line leading from precedent to a particular point has not been marked, we are authorized to use the compass of our own judgment, and establish what we find to be the straight line, but wherever the Supreme Court has set up 'an established marked line, though crooked,' we have no power to overrule it." *Minor v. City of Atlanta,* 7 Ga. App. 817, 819 (68 SE 314). It is ironic that this court first announced the guest rule which our Supreme Court adopted. Even though we set our direction by our earlier decision, we are now powerless to change our course.

2. Appellant submits that there was no impeachment or discrediting of witnesses presented by appellant. She asserts, because there were no conflicts, that the court committed reversible error in giving the standard charge on reconciling conflicts in the testimony. "If there was no conflict in the testimony of . . .[appellant's] witnesses and there were no other witnesses, then obviously this charge, even if erroneous, was harmless. *Aetna Ins. Co. v. Ripsitz,* 130 Ga. 170 (3) (60 SE 531)." *Barnes v. State,* 136 Ga. App. 626 (222 SE2d 143).

3. Appellant contends that the judge erred in instructing the jury on the subject of ordinary care and requiring proof of gross negligence. This enumeration is without merit. *Fender v. City of Jesup,* 124 Ga. App. 833 (2) (186 SE2d 348). It was also not error to refuse to charge as requested that proof of ordinary negligence would be sufficient to authorize recovery.

4. Appellant assigns error in the definition of gross negligence contained in a jury charge. The charge was

virtually identical to that given in *Tidwell v. Tidwell,* 92 Ga. App. 54 (4) (87 SE2d 657). There was no error here.

5. Appellant maintains that the judge erred in failing to charge part of appellant's written request which applied the law to her contentions and the facts of the case. The omitted portion of appellant's request read: "If you find that said contentions of the plaintiff are true, and that defendant Albert M. Nolen was operating his automobile in a grossly negligent manner, that is, that therein he did not observe slight care, it would become your duty to resolve the issue of negligence in favor of the plaintiff Mrs. Bickford and against the defendants..."

The court charged that "...if you find that the contentions of the plaintiff were true, that defendant, Albert M. Nolen, was operating his automobile in a grossly negligent manner, that is, that therein he did not observe slight care, it would become your duty to resolve the issue of negligence in favor of the plaintiff, Mrs. Bickford, and against the defendants..."

"[T]he requested...[instruction] was covered by the charge given and the failure to instruct the jury in the language requested, even if such requests were perfect, does not constitute reversible error. [Cit.]" *Pollard v. State,* 236 Ga. 587 (3) (224 SE2d 420).

6. The appellant excepted to the trial court's refusal to charge "...that if the statute was violated, the manner in which such statute was violated, may constitute gross negligence, if you find such negligence appears from all the evidence."

The trial court in its charge to the jury, instructed the jury that "...[I]f defendant, Albert M. Nolen, violated this statute, such would not constitute gross negligence as a matter of law, but you should inquire into all circumstances disclosed by the evidence throwing light on the issue of gross negligence, and it would be for you, the jury, to determine whether as a matter of fact such violation, coupled with other such circumstances, shows gross negligence."

The charge as given correctly stated the applicable law. *Young v. Reese,* 118 Ga. App. 114 (162 SE2d 831). "Failure to charge in the exact language requested, where the charge given substantially covered the same principle

is not error. *Welsh v. Fowler,* 124 Ga. App. 369 (5) (183 SE2d 574); *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905)." *Jones v. Tyre,* 137 Ga. App. 572 (3) (224 SE2d 512).

7. Appellant asserts error in the court's refusal to charge the jury that "plaintiff in this case is innocent of all negligence." This enumeration must fail. "[I]t is not for the court to say what does or does not amount to ordinary or common-law negligence." *Roberts v. Foster,* 86 Ga. App. 131 (3) (70 SE2d 875); see also *Atlanta & W. P. R. Co. v. Jacobs Pharmacy Co.,* 135 Ga. 113 (10b) (68 SE 1039). Since this request to charge was an incorrect statement of the law, the judge properly refused to so instruct the jury.

8. There was sufficient evidence to authorize the verdict.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED FEBRUARY 4, 1977 — DECIDED APRIL 27, 1977 — REHEARING DENIED MAY 10, 1977 —

*Pye, Groover & Pye, Tom Pye,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White, Harold A. Horne, Jr.,* for appellees.