## 32520. BICKFORD v. NOLEN et al.

BOWLES, Justice.

A writ of certiorari was granted in this case to decide whether Georgia will continue to follow the automobile guest passenger rule as it was established in *Epps v. Parrish,* 25 Ga. App. 399 (106 SE 297) and approved by this court in *Holland v. Boyett,* 212 Ga. 458 (2) (93 SE2d 662).

The petitioner, Deborah Ann Bickford, was a guest passenger in a convertible automobile driven by Albert M. Nolen and owned by his father J. T. Nolen. The car went out of control as it entered a curve and rolled over into a ditch, pinning the petitioner underneath. She suffered a brain contusion, basilar skull fracture, a fractured jaw and a compound injury to her right ear.

Following a trial in which the petitioner sought recovery for her injuries against Nolen and his father, the jury which had been charged on the automobile guest passenger rule, returned a verdict in favor of the respondents, father and son. After her motion for new trial was denied, petitioner appealed.

The Court of Appeals wrote a strong opinion denouncing the automobile guest passenger rule, suggesting it to be unsound under the State and Federal

Constitutions on equal protection grounds and contrary to the public policy of this state. However, they deferred to this court to determine the constitutionality and correctness of the rule. Following the denial of her motion for rehearing, petitioner filed a petition for a writ of certiorari to this court which was granted.

Petitioner contends that the guest rule, distinguishing between paying and nonpaying guests, violates the equal protection guarantees of the state and federal constitutions. Although the rule is of judicial origin, it has been in existence for fifty-six years and since that time has been the public policy of this state.

In reviewing the charge that the automobile guest rule violates the equal protection guarantees of the Federal and State Constitutions, this court will apply a rational basis standard of review. There is no suggestion that the right asserted by petitioner is fundamental or that a suspect classification exists in the case. Therefore, the standard of review is that the classification not be arbitrary or unreasonable (Dandridge v. Williams, 397 U.S. 471 (90 SC 1153, 25 LE2d 491)), and that a fair and substantial relationship exist between the classification and the purpose of the law. Reed v. Reed, 404 U. S. 71 (92 SC 251, 30 LE2d 225) (1971).

The equal protection clause in the Fourteenth Amendment of the Federal Constitution does not deny a state the power to treat different classes of people in different ways. It does, however, deny to states the power to legislate that different treatment be accorded to persons placed by statute into different classes on the basis of criteria wholly unrelated to the objective of the statute. A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. Royster Guano Co. v. Virginia, 253 U. S. 412, 415 [40 SC 560, 64 LE 989] (1920)." Reed v. Reed, supra, p. 76. Within the context of this case, there is no difference in the equal protection provisions of the State and Federal Constitutions. Both are intended to prevent extraordinary benefits or burdens from flowing to any one group.

Our automobile guest rule precludes a nonpaying guest passenger from recovering damages for personal injuries sustained by the ordinary negligence of the owner or operator. Recovery for gross negligence is allowed. Because clearly two classifications of passengers are made—guests and nonguests—and because each class may be treated differently in identical situations, the issue becomes whether or not the classification is reasonable and bears a fair and substantial relation to the legitimate purpose of the statute.

The purposes traditionally attributed to automobile guest rules and statutes have been the fostering of hospitality by insulating generous hosts from lawsuits instituted by injured guests and the elimination of possible collusive lawsuits.

The distinction made between a paying and nonpaying passenger is a reasonable test for determining whether hospitality has been extended by the host to his guest. This classification of an invited guest made in the automobile guest rule extends throughout other areas of Georgia law. For instance, a Georgia landowner owes a different duty to his business invitee than to his licensee. A gratuitous bailee owes a different duty to a bailor than is owed by a paid bailee.

While it is argued that widespread insurance coverage has negated the hospitality rationale, this does not take into account that the guest's claim need not be limited to the host's liability insurance coverage or that a host who finds himself liable in a tort action risks the possibility of a cancellation of his insurance or a substantial increase in his premiums. Although these reasons may not be absolute they are strongly persuasive, and they do satisfy the test of equal protection. The classification of guest passenger bears a fair and substantial relation to a valid purpose of the rule. Any final determination of values is to be left to the legislature.

The second justification for the classification, the prevention of collusive lawsuits, is also a valid state interest which is sufficiently furthered by the guest rule classification. It is reasonable that an injured guest and an agreeable host may be anxious to see compensation

paid so long as the host does not have to pay it. They could even conspire against an insurer so that the truth will not be known. Here again, we must defer to legislative judgment. That the rule may also bar some claims is not a sufficient ground to hold the guest passenger classification as violative of the equal protection clause.

The guest passenger rule, applied uniformly and fairly for fifty-six years in this state has not been modified by statute. It involves an issue of public policy which we feel is well founded and should be upheld until such time as the legislative branch of our state government sees fit to change it.

In holding our automobile guest passenger rule constitutional on equal protection grounds, we are following the majority of state courts which have ruled on the same issue in regard to their own state's rule. See Sidle v. Majors (Ind.), 341 NE2d 763 (1976); Behrns v. Burke (S.D.), 229 NW2d 86 (1975); White v. Hughes, 257 Ark. 627 (519 SW2d 70) (1975); Duerst v. Limbocker (Or.), 525 P2d 99 (1974); Beasley v. Bozeman, 294 Ala. 288 (315 S2d 570) (1975); Richardson v. Hansen (Colo.), 527 P2d 536 (1974); Tisko v. Harrison, 500 SW2d 565 (Tex. Civ. App. 1973); Botsch v. Reisdorff, 193 Neb. 165 (226 NW2d 121) (1975); Keasling v. Thompson (Iowa), 217 NW2d 687 (1974); Cannon v. Oviatt (Utah), 520 P2d 883 (1974); Delany v. Badame, 49 Ill. 2d 168 (274 NE2d 353) (1971); Justice v. Gatchell (Del.), 325 A2d 97 (1974).

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., and Hall, J., who dissent.*

ARGUED SEPTEMBER 12, 1977 — DECIDED NOVEMBER 1, 1977 — REHEARING DENIED NOVEMBER 29, 1977.

*Pye, Groover & Pye, Tom Pye,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Robert W. Beynart, Williston C. White,* for appellees.

HALL, Justice, dissenting.

I dissent because I believe that we should overrule the judge-made guest-passenger rule, even though I agree

that it is constitutional. Its impracticality is reason enough to overrule it.

"The doctrine of stare decisis is usually interpreted to mean that the court should adhere to what it has previously decided and not disturb what is settled. It does not undercut the power of a court to overrule its previous decisions. On the contrary, it is a rule of policy tending to consistency and uniformity of decision and is not inflexible. The reason for the rule is more compelling in cases involving the interpretation of a statute." *Mitchell v. State,* 239 Ga. 3, 6 (235 SE2d 509) (1977). See also *Walker v. Walker,* 122 Ga. App. 545, 546 (178 SE2d 465) (1970).

Unfortunately, "stare decisis" is often a mere facade to cover the court's preference for the rule under consideration. If the court likes the precedent, stare decisis is involved with loud incantations; if it dislikes the precedent, the court dons the mantle of "justice" and charges forth with the rhetoric of a knight errant. Stripped of theatrics, the present issue boils down to a question of which way we want to go on the guest-passenger rule.

We should remember that the guest-passenger rule was created by three judges of the Court of Appeals in 1921 in *Epps v. Parrish,* 26 Ga. App. 399 (106 SE 297) (1921). That court now finds the rule to be wrong. *Bickford v. Nolen,* 142 Ga. App. 256 (235 SE2d 743) (1977). The only pronouncement by this court on the issue is a one sentence headnote in *Holland v. Boyett,* 212 Ga. 458 (2) (93 SE2d 662) (1956). There is no legislative involvement in this policy question, unlike our recent sovereign immunity cases *(Clark v. State of Ga.,* 240 Ga. 188 (1977); *Azizi v. Bd. of Regents of the State of Ga.,* 233 Ga. 487, 488 (212 SE2d 627) (1975)), and the strict liability cases (e.g., *Ford Motor Co. v. Carter,* 240 Ga. 657 (1977)). Stare decisis is hardly a reason to refuse to reconsider judge-made law which was based only on notions of policy, which is among the most mutable of concepts. As California's Chief Justice Traynor has so aptly said, the question before the court is "to stare or not to stare" and that "depends on whether decisis is dead or alive." Quoted in Aldisert, The Judicial Process 835 (1976). I think this one is dead, and I

would so pronounce it.

The guest-passenger rule is contrary to the general common law established by decisions in the courts of thirty-one states.[1] It has been properly criticized. As well as questioning the policy choice behind the rule, Prosser points out that: "There is perhaps no other group of statutes which have filled the courts with appeals on so many knotty little problems involving petty and otherwise entirely inconsequential points of law." Prosser, The Law of Torts, p. 187 (4th Ed. 1971). Harper & James point out that these statutes are contrary to the "trend in the common law towards obliterating degrees of care and fashioning the law of negligence into a less imperfect means for securing compensation to accident victims." 2 Harper & James, The Law of Torts, § 16.15, p. 961. They urge a strict interpretation of such statutes. They also note that if collusive suits are a threat, there is an equal threat of collusive suits involving dishonesty about the degree of driver negligence, and about whether the plaintiff was a "guest."

John Frank has stated that accident litigation accounts for about 65 to 80 percent of all the civil cases in the United States, and points out the need to reduce and simplify decision points. See Frank, American Law — The Case For Radical Reform, 64-124 (1969). For example, the guest-passenger rule complicates the charge of the trial court and increases appellate decision points. Failure to act here exacerbates the trend to eventual removal of all automobile accident litigation from the courts.

The authorities cited above indicate that Georgia is the *only state* which adheres to a judicially created guest-passenger rule. The Wisconsin Supreme Court recognized that the rule is ill fitted to present day realities, and overruled its judicially created guest-passenger rule. McConville v. State Farm Mutual

---

[1] Annot., 20 ALR 1014 (1922) as supplemented by 40 ALR 1338 (1926), 47 ALR 327 (1927), 51 ALR 581 (1927), 61 ALR 1252 (1929), 65 ALR 952 (1930). See 2 Harper & James, Torts, p. 950, § 16.15 (1956); 8 AmJur2d 35, Automobiles, § 471 (1963).

Auto. Ins. Co., 15 Wis. 2d 374 (113 NW2d 14) (1962). Judge Shulman noted in his opinion for the Court of Appeals in the instant case that the judicially created guest-passenger rule in Massachusetts was eliminated by the legislature of that state. *Bickford v. Nolen,* supra, at 257. We should follow suit.

The fact that a majority of states enacted guest-passenger statutes[2] is more indicative of lobbying efforts by insurance companies than it is of good social policy. See Prosser, supra at 187. For other policy reasons against the rule see Judge Shulman's opinion in *Bickford,* supra.

The majority opinion ignores all of the above empirical data and authorities. It assumes the provincial stance that Georgia is not out of step with the other judicatories of this country but that they are out of step with us. I would unshackle the trial court from prolix instructions to the jury and the Court of Appeals from frivolous enumerations of error on the guest-passenger rule. It has outlived whatever usefulness it ever had and deserves a decent burial. May it some day rest in peace.

---

[2] See Tonti v. Paglia, 171 Ohio St. 520 (172 NE2d 618, 620) (1961). See AmJur2d Desk Book, Document No. 123, for a list of statutes as of 1962.