## 55350. ROE et al. v. GRIMES.

BIRDSONG, Judge.

The facts in the case sub judice are briefly as follows: The deceased, Mrs. Webb, had been to a beauty shop located in a shopping center where the defendant met her and offered to drive her home. The defendant drove her automobile to the place where Mrs. Webb was standing; the defendant got out of her car and left the engine running. The defendant opened the right front door for Mrs. Webb, who put her purse on the front seat and her left hand on the back of the front seat of the defendant's car. While Mrs. Webb's hand was resting on the back of the front seat and while both of her feet were on the ground, the automobile began to move backward slowly. The defendant tried unsuccessfully to stop the car by holding the door. Mrs. Webb was not able to get out of the way of the automobile and was knocked down. The defendant, by going around the back of the car and entering from the left side, was able to put her foot on the brakes, stop the automobile and turn off the engine. As a result of injuries sustained, Mrs. Webb died. From a jury verdict for the defendant, appellants bring this appeal, enumerating

seven alleged errors. *Held:*

1. Enumeration no. 4 alleges as error the failure of the trial court to direct a verdict for the appellants on the issue of liability.

Appellants contend that the defendant was guilty of negligence per se in not placing the car's transmission in "park" and stopping the motor; however, this allegation is totally unsupported by the evidence. This court cannot say that the brakes were not set or that the transmission was not in "park." There is no evidence either way. A jury question as to defendant's liability remains. *Lamar Nash Buick-Pontiac v. Crowe,* 118 Ga. App. 669 (164 SE2d 917).

2. Appellants contend in enumeration of error no. 5 that the court erred in failing to give their request to charge regarding negligence per se. Appellants failed to show by any evidence that the shopping center parking lot, where the accident occurred, was customarily used by the public as a through street or connector street. Thus a charge incorporating such language was not applicable.

3. Appellants contend in enumeration of error no. 6 that the court erred in charging the jury on the issue of emergency. It was within the province of the jury to determine whether there was an emergency and, if so, whether the cause of the emergency was the negligence of the defendant or whether by factors which were not precipitated by the defendant (as was stated above there is no positive evidence as to the position of the brakes or the transmission). *Stripling v. Calhoun,* 98 Ga. App. 354, 357 (105 SE2d 923).

4. Enumeration of error no. 7 asserts as error that the trial court improperly charged on a theory of accident. If the defendant was not negligent and did in fact exercise the proper degree of care, a jury question was presented and a charge on accident was not improper. *Krise v. Meyers,* 143 Ga. App. 615 (239 SE2d 185).

5. Enumeration of error nos. 1-3 are similar and allege that the trial court erred in holding that the decedent was a guest passenger, in charging the jury that the decedent was a guest passenger, and in charging the jury that the defendant must be guilty of gross negligence in order for the plaintiffs to recover.

Under the circumstances set forth above, was the

decedent a guest passenger? We hold that she was not. This is apparently a case of first impression in Georgia. In the first guest passenger case in Georgia, *Epps v. Parrish,* 26 Ga. App. 399 (106 SE 297), the plaintiff was *riding* as an invited guest in an automobile. This court in the *Parrish* case, supra, stated: "[I]n order for the invited guest to recover from the owner and operator of an automobile for an injury received by reason of the negligent driving or handling of the machine, there must be facts pleaded that show gross negligence upon the part of the owner and driver of the machine."

In *Holtsinger v. Scarbrough,* 69 Ga. App. 117 (24 SE2d 869), this court stated: "A 'guest' *in an automobile,* within the contemplation of the law that towards him the host owes only the duty of exercising slight care, is one who takes *a ride* in the automobile merely for his own pleasure or on his own business and without making any return or conferring any benefit upon the host other than the pleasure of his company." (Emphasis supplied.) Citing 18 Words & Phrases, 839.

In *Sewell v. Douberly,* 116 Ga. App. 65 (156 SE2d 582), it was stated, "As plaintiff was still in process of alighting from the vehicle when she was injured, the guest passenger relationship had not terminated." The facts in the *Douberly* case clearly reveal that the plaintiff had in fact ridden in the automobile of the defendant.

In the instant case, the deceased had not ridden in the automobile, had not seated herself in the vehicle, but to the contrary, was outside the vehicle when struck. We therefore hold under the evidence of this case that the deceased, not having physically entered the automobile, had not become a guest passenger.

Other jurisdictions support this theory. Where the motorist's foot slipped from the clutch pedal of the automobile at the time when the motorist's friend who had been invited to ride in the automobile was opening the door preparatory to entering the auto, so that the auto jerked forward, the friend was not "riding" in the auto, and therefore the friend was not a guest. *Smith v. Pope,* 53 Cal. App. 2d 43 (127 P2d 292, 294.) See Hickman v. Finlay, 392 SW2d 147; Paul v. Floyd, 337 SW2d 632; Clinger v. Duncan, 166 Ohio St. 216 (141 NE2d 156); Chapman v.

Parker, 203 Kan. 440 (454 P2d 506); Colin v. Rogers, 5 Wash. App. 113 (486 P2d 1101).

The guest statute rule was judicially created in March, 1921. At that time, motor vehicles were in their infancy and the rule was sound. With the passing of 57 years, perhaps its usefulness has passed also. See *Bickford v. Nolen,* 142 Ga. App. 256 (235 SE2d 743).

The trial court committed reversible error in holding that the deceased was a guest passenger and charging that deceased was a guest passenger and the plaintiffs could recover only if the defendant's actions amounted to gross negligence.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 31, 1978 — DECIDED APRIL 28, 1978 —
REHEARING DENIED JUNE 20, 1978 —

*Lokey & Bowden, Glenn Frick, Gary Hill,* for appellants.

*Dennis, Corry, Webb, Carlock & Williams, Dennis J. Webb,* for appellee.