**Shirley R. COREY, and Allen G. Corey, Sr., Plaintiffs,**

v.

**Charles W. JONES, III, Defendant.**

**Civ. A. No. 177–155.**

United States District Court,
S. D. Georgia,
Augusta Division.

Feb. 21, 1980.

Richard E. Miley, Augusta, Ga., O. Dantzler Busbee, II, John T. Bodenheimer, Aiken, S. C., for plaintiffs.

William C. Calhoun, J. Samuel Choate, Jr., Augusta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

The captioned case was filed as the result of the death of Allen Corey, Jr. in an automobile wreck in 1975. Plaintiffs have filed a motion entitled "Motion to Deny Guest Passenger Defense". The thrust of this motion is to have the Court rule, prior to trial, on the constitutionality of the Automobile Guest Passenger Rule established by the Court of Appeals of Georgia in *Epps v. Parrish*, 26 Ga.App. 399, 106 S.E. 297 (1921). Apparently, in titling this motion, the pleader was at just as much of a loss as was this District Judge in trying to categorize the motion. There is a problem with calling it a "Motion to Deny Defense" since the Automobile Guest Passenger Rule was not raised as a defense. Is this motion one for a declaratory relief permissible under Federal Rule of Civil Procedure 57, one for a partial summary of judgment under Fed.R. Civ.P. 56, one for judgment on the pleadings, one for an interlocutory order, or is it a motion *in limine*? Could it be a veiled request for a ruling in advance of trial on anticipated requests for charges to be given to the jury?

The defendant has not opposed this motion in its form or the timeliness of its filing. Both parties wish to know whether the Automobile Guest Passenger Rule created judicially in Georgia will apply in this case. The plaintiff has asserted the unconstitutionality of the rule citing the reasoning of the Court of Appeals in its strong opinion denouncing the rule in *Bickford v. Nolen*, 142 Ga.App. 256, 235 S.E.2d 743 (1977). The defendant has countered with the assertion that the rule is constitutional and applicable in this case according to the reasoning given by the Supreme Court of Georgia in its opinion in the same case, 240 Ga. 255, 240 S.E.2d 24 (1977), *rehearing denied.*

Here a constitutional question has been raised. The substance of the motion brought by the plaintiff is whether the Automobile Guest Passenger Rule adhered to by the Georgia courts for many years is violative of the equal protection guarantees

of the Federal and State Constitutions. While I am still not certain as the nomenclature which should be applied to the "Motion to Deny Guest Passenger Defense", I fully understand the position of the plaintiff and the defendant. The required legal research has produced an unswerving conclusion that the relief sought by the plaintiff should be denied.

 For lack of a surer niche in which to place this document, it will be treated as a motion under Federal Rules of Civil Procedure for declaratory judgment on the constitutional issue alone. Declaratory judgments are proper to determine constitutional questions. 26 C.J.S. Declaratory Judgments § 44. Declaratory judgments are particularly appropriate to resolve constitutional questions in which no factual matters are disputed. *Dun & Bradstreet v. City of New York*, 276 N.Y. 198, 11 N.E.2d 728 (1937). In Georgia, a plaintiff's declaratory judgment action attacking the constitutionality of a statute presents a justiciable controversy. *Reed v. Mann*, 237 F.Supp. 22 (N.D.Ga.1964). That the Georgia Automobile Guest Passenger Rule was created by a court and not by the legislature is irrelevant. Many states have codified such a rule. The Automobile Guest Passenger Rule is uniformly applied in litigation governed by the laws of this state. It has force equal to statute. There is no reason to distinguish between the law of the state of Georgia whether created by statute or court. This law is so ingrained in the Georgia practice that many lawyers refer to it as the "Guest Passenger Statute".

 In *Bickford v. Nolen*, 240 Ga. 255, 240 S.E.2d 24 (1977), the Supreme Court of this state, with one justice dissenting, has made short shrift of the plaintiffs' constitutional argument. Briefly, the Georgia Automobile Guest Passenger Rule requires that a plaintiff who is a nonpaying guest of the driver of an automobile prove gross negligence on the part of that driver if the plaintiff is to recover for injuries proximately caused by such negligence. Those who pay for the ride have only to prove ordinary negligence, that is the lack of ordinary diligence on the part of the driver.

In the *Bickford* opinion, the Supreme Court stated "The equal protection clause in the Fourteenth Amendment of the Federal Constitution does not deny a state the power to treat different classes of people in different ways. It does, however, deny to states the power to legislate that different treatment be accorded to persons placed by statute into different classes on the basis of criteria wholly unrelated to the objective of the statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'" 240 Ga. at 256, 240 S.E.2d at 26, citing *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920). The Court went on to state that the classification of passengers, whether guest or not, as contemplated by the Automobile Guest Passenger Rule, was reasonable and that it bears a fair and substantial relation to the legitimate purpose of the rule. The purposes attributed by the Georgia Supreme Court to automobile guest passenger rules and statutes are (a) the fostering of hospitality by insulating generous hosts from lawsuits, and (b) the elimination of possible collusive lawsuits. The Court held that the distinction made between a paying and nonpaying passenger was a reasonable test for determining whether hospitality has been extended by the host to a guest. Also, the Court has expressed that the prevention of collusive lawsuits is a sound justification for the classification because it involves a valid state interest. Both of the stated justifications for the rule and the classification of the passengers are logical, reasonable and meritorious.

As stated by the Supreme Court at 240 Ga. at 258, 240 S.E.2d at 27, "The guest passenger rule, applied uniformly and fairly for fifty-six years in this state has not been modified by statute."

 While the Court of Appeals, which created the rule is willing to give it up, the Supreme Court of Georgia has concluded

that the rule is constitutionally sound and cannot be so abandoned. I agree with the rationale of the Supreme Court and conclude that the rule is not unconstitutional. The legislature of Georgia could abrogate the rule but has not chosen to do so. This rule has been the law of Georgia for many years and has been uniformly and strictly applied. There is no need to upset the application of the rule in this case.

ACCORDINGLY, IT IS HEREBY ORDERED that the motion filed by the plaintiff entitled "Motion to Deny Guest Passenger Defense" shall be treated as a motion, unopposed in form, for declaratory judgment on the issue of the constitutionality of the Georgia Automobile Guest Passenger Rule;

FURTHER ORDERED that the motion aforementioned is overruled and the relief sought by the plaintiff DENIED.